Opal DAVIDSON, Plaintiff,

v.

**Honorable Philip G. HESS, Judge of the Circuit Court of the County of Jefferson, Division No. 2, Defendant.**

**No. 48612.**

Missouri Court of Appeals,
Eastern District,
Division One.

June 26, 1984.

Mark J. Cardosi, St. Louis, for plaintiff.

James E. Bowles, Hillsboro, for defendant.

PUDLOWSKI, Presiding Judge.

This is a Petition for Writ of Mandamus seeking to command the defendant, Honorable Philip G. Hess, to vacate his order

dismissing plaintiff's, Opal Davidson, Petition for Improper Venue.

On January 9, 1984, plaintiff, Opal Davidson, filed a two count petition for damages against Merrel and Oleda Cloud (Cloud) for damages sustained upon eviction by Cloud from premises rented to plaintiff.

Count I of the petition alleged that on February 21, 1983, plaintiff and Cloud entered into a one year lease agreement whereby plaintiff would rent and occupy Cloud's premises at 800 North Third Street in DeSoto, Jefferson County, Missouri. On October 2, 1983, Cloud entered the property and dispossessed plaintiff. As a result of the alleged wrongful eviction, plaintiff sought $500.00 actual damages and $5,000.00 punitive damages.

In Point II of the petition, plaintiff alleges that after the eviction, Cloud exercised dominion and control over plaintiff's possessions by locking plaintiff out of the premises. On November 15, 1983, plaintiff was permitted to return to the premises. At this time plaintiff discovered that numerous items of her personal property were damaged or missing. As a result of the alleged conversion of plaintiff's property, plaintiff sought $3,275.00 actual damages and $5,000.00 punitive damages.

Plaintiff presently resides in the City of St. Louis, Missouri. Cloud resides in the City of Malden, Dunklin County, Missouri. Suit was filed in the Circuit Court of Jefferson County, Missouri. On April 6, 1984, the trial court entered an order dismissing the petition for improper venue.

■ When a court sustains a motion to dismiss or a motion to quash service because of improper venue, the dismissal is not a judgment on the merits of the claim; it does not preclude the party from prosecuting his claim in a forum having venue of the cause. It does not dispose of all parties and issues in the cause and is not an appealable order. The proper method of attacking the order of the trial court is by extraordinary writ. *Gillman v. Mercantile Trust Co., Nat. Ass'n*, 629 S.W.2d 441 (Mo.App.1981). *Pagliara v. Gideon-Anderson Lumber Company*, 541 S.W.2d 92 (Mo.App.1976).

The question before us, then, is whether venue is proper in Jefferson County, Missouri, so that defendant may proceed to hear and determine the cause on the merits.

The pertinent venue statute is § 508.010 RSMo 1978 which reads as follows:

Suits instituted by summons shall, except as otherwise provided by law, be brought:

(1) When the defendant is a resident of the state, either in the county within which the defendant resides, or in the county within which the plaintiff resides and the defendant may be found; ...

(6) In all tort actions the suit may be brought in the county where the cause of action accrued regardless of the residence of the parties, and process therein shall be issued by the court of such county and may be served in any county within the state; provided, however, that in any action for defamation or for invasion of privacy the cause of action shall be deemed to have accrued in the county in which the defamation or invasion was first published.

■ Plaintiff contends that venue is proper in Jefferson County under § 508.010(6) because the petition alleged a cause of action sounding in tort. To determine the character of the action alleged below, whether ex contractu or exdelicto, it is necessary to ascertain the source of the duty claimed to have been violated. If this duty is one imposed merely by the contract, then any action for the breach thereof is necessarily ex contractu. On the other hand, if a party sues for breach of duty prescribed by law as an incident of the relation or status which the parties have created by their agreement, the action may be one in tort, even though the breach of duty may also be a violation of the terms of the contract. In such a case, the party has a choice whether to proceed in tort for violation of the duty imposed by law, or by an action on the contract for breach of the

contractual obligation. *State ex rel. Hails v. Lasky*, 546 S.W.2d 512 (Mo.App.1977).

 In the case at bar, the breach of duty which is the basis for plaintiff's claim is a breach of duty imposed by law. Plaintiff has alleged wrongful eviction and conversion. Where a tenant is wrongfully evicted by his landlord or by persons whose acts the landlord is responsible, he may maintain an action of tort against the landlord. 49 Am.Jur.2d, Landlord and Tenant, Section 323, page 339. Defendant was in error in dismissing the cause of action. Under § 508.010(6) venue was proper in Jefferson County. Our temporary writ previously issued is made absolute.

DOWD, C.J., and SIMON, J., concur.