**Barbara KAPPER, surviving daughter of Haskel R. Bliss, deceased, Plaintiff-Appellant,**

v.

**NATIONAL ENGINEERING COMPANY, Defendant-Respondent.**

No. 48683.

Missouri Court of Appeals, Eastern District, Division One.

Feb. 5, 1985.

---

**618**

Ernie Brasier, St. Louis, for plaintiff-appellant.

Robert E. Keaney, St. Louis, for defendant-respondent.

GAERTNER, Judge.

Plaintiff appeals from an order sustaining defendant's motion to dismiss because of improper venue.[1]

Plaintiff, Barbara Kapper, daughter of Haskel R. Bliss, filed a petition in the Circuit Court of the City of St. Louis, alleging that defendant, National Engineering Company, was responsible for the wrongful death of her father which allegedly occurred in Maries County, Missouri. Plaintiff is a resident of the City of St. Louis and defendant is a Delaware corporation which maintains no office or agent for transaction of usual and customary business anywhere in Missouri. Defendant filed a motion to dismiss plaintiff's petition for improper venue and the circuit court sustained this motion, dismissing plaintiff's case without prejudice. From that judgment plaintiff filed this appeal.

Defendant has filed a motion to dismiss plaintiff's appeal pursuant to Rule 84.10 in that a dismissal for improper venue without prejudice is not an appealable order. We agree.

The appellate court is without jurisdiction whenever the judgment which is appealed is not final. *Taylor v. F.W. Woolworth Company*, 641 S.W.2d 108, 110 (Mo. banc 1982). If the judgment is not final then the appeal must be dismissed. *Knight v. Keaton*, 660 S.W.2d 752, 753 (Mo.App.1983). In the present case, the trial court dismissed plaintiff's petition for improper venue without prejudice. *See* Rule 67.05. Plaintiff is not precluded from bringing this action in the proper forum. Furthermore, it is not a judgment on the merits of the claim and does not dispose of all the issues. Therefore, to challenge a dismissal on venue grounds, an extraordinary writ should be employed rather than a direct appeal. *Davidson v. Hess*, 673 S.W.2d 111, 112 (Mo.App.1984).

Although the appeal must be dismissed we nevertheless wish to recognize plaintiff's argument that the ruling of the trial court favors non-resident corporations and is unfair to Missouri citizens. The onus for this unfortunate situation should not be placed upon the trial judge who had no alternative but to rule as he did. Rather, the problem arises because § 508.040,

---

1. No request for transfer pursuant to Art. V, § 11 of the Missouri Constitution was made.

Accordingly, we do not address the effect of that section.

RSMo. 1978, the corporate venue statute, provides for actions to be brought against corporate defendants only in the county where the cause of action accrued or where the corporation shall keep an office or agent for the transaction of its usual and customary business. Section 508.010(4), RSMo. 1978, which permits an action against a non-resident individual to be brought within any county of this state has no application where the sole defendant is a corporation. *State ex rel. Coca-Cola Bottling Company of Mid-America v. Gaertner*, 681 S.W.2d 445 (Mo. banc 1984). Other than the addition of language relating to suits against railroads, § 508.040, has remained in its present form for over 120 years. *See* General Statutes of Missouri, 1866, Chapter 62, § 25, 330. Although our laws have kept pace with the massive changes in business and commercial practices which have occurred during this period by the enactment Long Arm Statutes and the recognition of personal jurisdiction through minimum contacts, we have not seen fit to change the law with regard to venue over foreign corporations. This case is illustrative of the need for such a change. However, such change must come from the legislature, not the courts.

Appeal dismissed.

PUDLOWSKI, P.J., and KAROHL, J., concur.