STATE of Missouri at the Relation of
Kevin BOHANNON, et al., Relators,

v.

The Honorable George
ADOLF, Respondent.

No. 52482.

Missouri Court of Appeals,
Eastern District,
Division Three.

Feb. 10, 1987.

Carrie L. Kmoch, Eugene H. Fahrenkrog, Jr., St. Louis, for relators.

Jeffrey J. Brinker, Brinker, Doyen & Kovacs, Clayton, for respondent.

CARL R. GAERTNER, Presiding Judge.

Relator, plaintiff below, seeks our writ of prohibition to prevent respondent's enforcement of his order sustaining defendant's motion to dismiss for improper venue. We have issued a preliminary rule and now make it absolute.

In the underlying lawsuit relator, by and through his mother as next friend, seeks to recover for injuries sustained when he fell into a swimming pool located on property owned by defendant. The allegations in the petition which would support venue in the City of St. Louis are that defendant owned the improved real property at 704 Kaywood Lane in the City of St. Louis where relator resided and the injuries of which he now complains occurred. Beneath the caption of the petition, a different St. Louis city address was listed as the place of service for defendant.

Defendant was eventually served with process at his place of employment in St. Louis County. He timely filed an answer in which he denied each and every allegation in the petition and further averred that it failed to state a claim upon which relief could be granted. The impropriety of venue in the City of St. Louis was not specifi-cally raised until defendant's motion to dismiss for improper venue was filed several months after his answer. The motion was supported by an affidavit stating that 704 Kaywood is in St. Louis County and that defendant was and is a resident of St. Louis County. These facts are unrefuted. The motion to dismiss was sustained and this petition for writ of prohibition followed.

■ An extraordinary writ is the proper method of challenging an order sustaining a motion to dismiss for improper venue, *Kapper v. National Engineering Co.*, 685 S.W.2d 617, 618 (Mo.App.1985).[1] In support of the motion before us, relator argues that respondent was without jurisdiction to dismiss his action on the basis of improper venue because defendant waived any objection to venue under Rule 55.27(g)(1). We agree. The rule provides that a defense of improper venue is waived if "neither made by motion under this Rule nor included in a responsive pleading." Any such motion must be made within the time allowed for responsive pleading or, in the event no responsive pleading is allowed, within 20 days of service of the last pleading. Rule 55.27(a). Defendant's motion was clearly out of time.

> By answering plaintiffs' petition without raising any objection to venue and failing to file any motion asserting improper venue until six months later, the [defendant] effectively waived venue. Rule 55.-27(g)(1). Statutes fixing venue confer a mere personal privilege which may be waived by the party entitled to assert it.

*Bizzell v. Kodner Development Corp.*, 700 S.W.2d 819, 822 (Mo. banc 1985).

■ Seeking to escape the stricture of this rule, respondent argues that because relator's petition contained specific allegations establishing venue, i.e., that the place of the accident was in the City of St. Louis, defendant's denial of each and every allegation of the petition was sufficient to pre-

1. We reject respondent's argument that the order sustaining the motion to dismiss for improper venue is tantamount to a summary judgment or dismissal for failure to state a claim and therefore appealable. Dismissal for improper venue is not a final judgment on the merits, but is without prejudice to the refiling of the action in the proper forum. Accordingly, it is not an appealable order. *Kapper v. National Engineering Co.*, 685 S.W.2d at 618.

serve the defense of improper venue. We disagree. Rule 55.27(a) includes improper venue among those defenses which must be "asserted" by motion or by responsive pleading. Webster's Third New International Dictionary of the English Language, unabridged, defines "assert" as meaning "1: to state or affirm positively, assuredly, plainly or strongly ... 2a: to demonstrate the existence of ... 2b: to demand or compel recognition of...." A general denial falls far short of the affirmative action required by the language of the rule. One of the aims of the Rules of Civil Procedure is the achievement of judicial economy and efficiency, and this goal is furthered by the requirement in Rule 55.27(g) that improper venue and similar procedural defenses unrelated to the merits of the claim be asserted at the earliest opportunity in order to avoid unnecessary delay and expense.

In respondent's brief, counsel for defendant asserts that respondent determined that no waiver of objections to venue had occurred "based upon the peculiar circumstances and equities involved" since plaintiff must have known the venue allegations pleaded were false. In effect, this argument suggests that the challenged order constituted an exercise of judicial discretion based upon equitable considerations. There is no judicial discretion to ignore the clear, unequivocal dictates of the Supreme Court Rules.

If, as respondent argues, plaintiff's attorney deliberately falsified the venue allegations of the petition, such conduct may well be seen as a violation of Rule 3.3 of the Rules of Professional Conduct and of the attorney's oath, Supreme Court Rule 8.11, exposing counsel to the possibility of disciplinary proceedings.[2] However, that question is not before us.

Relator (or his mother) and defendant are equally charged with knowledge that the location of the accident, where relator lived on property owned by defendant, was in St. Louis County. Nevertheless, defendant consented to the suit in the Circuit Court of the City of St. Louis by filing an answer without "asserting" improper venue.

Our writ, prohibiting respondent from enforcing the order of dismissal, is made absolute.

SNYDER, C.J., and SIMEONE, Senior Judge, concur.

---

**2.** Relator's attorney denies any deliberate falsification of the allegations, contending the pleading erroneously locating the occurrence of the tort in the City of St. Louis was simply a mistake.