**James A. WILLIAMS,**
**Plaintiff–Appellant,**

v.

**WILLIAMS PAPER COMPANY, et al.,**
**Defendants–Respondents.**

No. 53659.

Missouri Court of Appeals,
Eastern District,
Division One.

May 24, 1988.

Donald E. Heck, Clayton, for plaintiff-appellant.

Frank D. Keefe, Russell A. Willis, Ellisville, for defendants-respondents.

REINHARD, Judge.

Plaintiff appeals from a trial court order dismissing his petition because of improper venue. We dismiss the appeal.

Defendant Williams Paper Company, Inc., obtained a default judgment against plaintiff in St. Louis County Circuit Court in a suit seeking specific performance of an alleged agreement by plaintiff to dispose of his interest in Williams Paper Company. Plaintiff then filed a three-count petition in St. Louis County Circuit Court against Williams Paper Company and Richard M. Williams, plaintiff's brother, seeking to set aside the default judgment because of defendants' extrinsic fraud, to void the purported agreement, and to dissolve the corporation pursuant to § 351.485, RSMo 1986. Plaintiff alleged that he and defendant Richard M. Williams were residents of St. Louis County and that defendant Williams Paper Company was a resident of St. Louis City. Plaintiff directed service of process to both defendants at the St. Louis City office of Williams Paper Company.

In separate motions, defendants averred that Williams Paper Company was a resident of St. Louis City and that Richard M. Williams was a resident of Jefferson County, Missouri. The trial court dismissed plaintiff's petition without prejudice because of improper venue. Plaintiff appeals.

Defendants have moved this court to dismiss the appeal, citing *Davidson v. Hess*, 673 S.W.2d 111 (Mo.App.1984). In *Davidson*, which came before this court in the form of a petition for a writ of mandamus, we stated:

> When a court sustains a motion to dismiss or a motion to quash service because of improper venue, the dismissal is not a judgment on the merits of the claim; it does not preclude the party from prosecuting his claim in a forum having venue of the cause. It does not dispose of all parties and issues in the cause and is not an appealable order. The proper method of attacking the order of the trial court is by extraordinary writ.

673 S.W.2d at 112.

Plaintiff limits his arguments on appeal to the count in which he sought to set aside the default judgment. In his first point, he contends that venue is proper in St. Louis County. This argument is irrelevant to the issue raised by defendants' motion: whether venue exists *elsewhere*, thereby rendering the trial court order not appealable under *Davidson*. On this issue, addressed in his second point, plaintiff argues the trial court order is appealable because "[n]o other forum exists in this State for instituting [plaintiff's] suit in equity to set aside the judgment of dismissal [presumably, the default judgment]; refiling elsewhere is not possible." Plaintiff cites no authority.

Although appellate courts throughout the United States hold differing views, there is considerable authority to support the right of a party to maintain a suit for equitable relief from a fraudulently-obtained judgment in a court other than the one that rendered the judgment. *See* 46 Am.Jur.2d *Judgments* § 797 (1969); 49 C.J.

S. *Judgments* § 383 (1947). The Supreme Court of Missouri long ago adopted this view in *Wonderly v. Lafayette Co.,* 150 Mo. 635, 51 S.W. 745 (1899). Faced with an attempt in Lafayette County Circuit Court to set aside a federal court judgment, the Supreme Court stated:

> The point is advanced in plaintiff's brief that a judgment can be annulled, on the ground that it was obtained by fraud, only in the court in which it was rendered. But there is no foundation in reason or authority for that proposition, and the contrary has been declared.... A suit in equity to set aside a judgment in no sense assails the court in which the judgment was rendered. It is simply a proceeding in personam, and the decree adjudges the rights of the parties inter sese in relation to that judgment.

51 S.W. at 750.

We conclude that plaintiff is in error in his claim that St. Louis County is the only forum in which he may seek to set aside the alleged fraudulently-obtained judgment. It appears to us that venue would be proper elsewhere under *Wonderly* and § 508.010(2), RSMo 1986. Upon the authority of *Davidson,* we dismiss plaintiff's appeal.

Appeal dismissed.[1]

CRIST, P.J., and DOWD, J., concur.

---

1. Defendants' motion for damages for frivolous    appeal denied.