Luane MILLER, Appellant,

v.

ILLINOIS CENTRAL RAILROAD
CO., Respondent.

No. 56698.

Missouri Court of Appeals,
Eastern District,
Division Four.

Dec. 26, 1989.

Mark T. McCloskey, St. Louis, for appellant.

Michael D. O'Keefe, William D. Hakes, Raymond L. Massey, and Thomas F. Eagleton, St. Louis, for respondent.

CARL R. GAERTNER, Judge:

Plaintiff filed this action in the Circuit Court of the City of St. Louis seeking damages pursuant to the Federal Employers' Liability Act, 45 U.S.C., § 51, *et seq.* Defendant filed a Motion to Dismiss for Improper Venue alleging by affidavits that when the suit was filed it no longer operated a railroad or maintained an office or agent in the City of St. Louis or in the State of Missouri. After a hearing, this motion was sustained and plaintiff's action was dismissed for improper venue. Plaintiff appeals this order. Defendant has filed a motion to dismiss the appeal on the grounds that an order of dismissal for improper venue is not a final, appealable order. We agree. Defendant's motion to dismiss is sustained.

■ "Dismissal for improper venue is not a final judgment on the merits, but is without prejudice to the refiling of the action in the proper forum. Accordingly, it is not an appealable order." *State ex rel. Bohannon v. Adolf,* 724 S.W.2d 248, 249 n. 1 (Mo.App.1986); *Accord: Risse v. APV Anderson Bros.,* 714 S.W.2d 922, 925 (Mo. App.1986); *Kapper v. National Engineering Co.,* 685 S.W.2d 617, 618 (Mo.App. 1985); *Davidson v. Hess,* 673 S.W.2d 111, 112 (Mo.App.1984); *Gillman v. Mercantile Trust Co.,* 629 S.W.2d 441, 443 (Mo.App. 1981).

■ We are unable to accede to plaintiff's request that we consider his Notice of Appeal to be an application for an extraordinary writ. "A court which is not statutorily vested with review authority lacks subject matter jurisdiction." *Collins & Assoc. Dietary Consultants, Inc. v. Labor and Industrial Relations Comm.,* 724 S.W.2d 243, 244 (Mo. banc 1987). Section 512.020 RSMo.1986 limits the right of appeal, with certain specified exceptions not relevant

here, to final judgments. The only re-course of a court which lacks subject matter jurisdiction of a cause is dismissal of the cause; all other proceedings being absolutely void. *Collins*, at 245.

Appeal dismissed.

HAMILTON, P.J., and SIMEONE, Special Judge, concur.