STATE of Missouri ex rel., Russell
BROCKFELD, Relator,

v.

Honorable Richard F. PROVAZNIK,
Division 16, 21st Judicial
Circuit, Respondent.

No. 60274.

Missouri Court of Appeals,
Eastern District,
Writ Division Two.

Aug. 6, 1991.

Daniel Robert Sokol, Rothman, Sokol, Adler, Barry & Sarachan, Clayton, for relator.

Margo L. Green, Law Offices of Margo L. Green, Clayton, for Evelyn Brockfeld.

CRANE, Presiding Judge.

Relator Russell Brockfeld seeks a writ of prohibition prohibiting the respondent, the Honorable Richard F. Provaznik, from transferring *sua sponte* a pending dissolution proceeding between relator and his wife, Evelyn Brockfeld, from the 21st Judicial Circuit in St. Louis County to the 12th Judicial Circuit in Warren County, where both parties to the dissolution reside. Evelyn Brockfeld supports the petition for a writ. We issued our preliminary writ, and now make it permanent for the reasons that 1) the issue of improper venue was waived and 2) § 476.410 does not direct a trial judge to transfer a case where venue has been waived.

The underlying dissolution proceeding was filed in November, 1989, by Evelyn Brockfeld in St. Louis County pursuant to a prior agreement with relator to file the case in St. Louis County. Both parties are residents of Warren County. Relator has never challenged or objected to venue in St. Louis County. On April 8, 1991, Judge Provaznik, *sua sponte*, entered an order in which he found venue in St. Louis County to be improper and ordered the case transferred to Warren County.

On April 19, 1991, relator filed a Motion for Reconsideration and to Vacate Order. Judge Provaznik denied the motion on May 24, 1991. He also stayed execution of his prior order to transfer until June 3, 1991, to permit either party to seek a writ of prohibition regarding the transfer. Relator then filed a petition for writ of prohibition to prohibit transfer of the case.

■ We find that the court improperly exceeded its jurisdiction in *sua sponte* transferring the case for what it perceived to be improper venue. Although venue in a dissolution of marriage proceeding is proper in the county where plaintiff resides, § 452.300 RSMo (1986), venue in the county of residence may be waived. *State ex rel. Allen v. Barker,* 581 S.W.2d 818, 828 (Mo. banc 1979); *Norman v. Norman,*

604 S.W.2d 680, 681 (Mo.App.1980). Venue may be waived by agreement, *State ex rel. Marlo v. Hess*, 669 S.W.2d 291, 294 (Mo. App.1984), or by failure to challenge it. Because the parties agreed to waive venue and did not challenge it, venue in St. Louis County is proper. *Norman*, 604 S.W.2d at 681-82.

◼ Respondent entered his order in reliance on § 476.410 RSMo (Cum.Supp.1990) which provides:

> The division of the circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought.

His reliance is misplaced. As we have stated, venue in St. Louis County became proper as a result of the parties' waiver. Section 476.410 does not apply where venue has been properly waived. This statute was enacted to enable a circuit court to *transfer* an action in which venue was improper to a county with proper venue. *Highway and Transp. Com'n. v. Hedspeth*, 788 S.W.2d 342, 344 (Mo.App.1990). Prior to the enactment of this legislation, the trial court could only *dismiss* such actions. *Oney v. Pattison*, 747 S.W.2d 137, 140 (Mo. banc 1988).

◼ Because venue was waived, the trial court lacked jurisdiction to transfer the case for improper venue. *See State ex rel. Bohannon v. Adolf*, 724 S.W.2d 248, 249 (Mo.App.1986). When a court has acted without jurisdiction and some part of its action remains to be performed, a writ of prohibition is an adequate remedy. *State v. Nangle*, 227 S.W.2d 655, 657 (Mo. banc 1950). Although the order to transfer was entered, it was stayed to permit the parties to obtain a writ. Moreover, ministerial actions still remain to complete the transfer. Prohibition is accordingly appropriate.

Our writ, prohibiting respondent from enforcing the order to transfer, is made absolute.

SMITH and KAROHL, JJ., concur.