Robert J. HERTLEIN and Caroline T. Hertlein, Plaintiffs/Appellants,

v.

MISSOURI HIGHWAY & TRANSPORTATION COMMISSION, Defendant/Respondent.

No. 59889.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 17, 1991.

Robert F. Ritter, M. Jane Matoesian, St. Louis, for plaintiffs, appellants.

**110**

Sam P. Rynearson, Kevin P. Schnurbusch, Paul Ferber, St. Louis, for defendant, respondent.

PER CURIAM.

Appellants, Robert and Caroline Hertlein, appeal an order of the Circuit Court of the City of St. Louis dismissing their cause of action against the respondent, the Missouri Highway and Transportation Commission, for lack of venue. We dismiss the appeal.

On October 8, 1989, the appellants' daughter, Sandra Bernice Hertlein, was killed when the vehicle in which she was a passenger was involved in a one-car collision at the exit ramp of Westbound Interstate 70 and Union Blvd. in the City of St. Louis. On November 21, 1989, the appellants brought a wrongful death suit against the City of St. Louis, respondents, Millstone Construction, Inc. (Millstone) and Sverdrup and Parcel and Associates, Inc. (Sverdrup), alleging that the above parties designed, built and maintained the exit ramp in such a manner as to confuse and mislead drivers and that they failed to provide adequate lighting, barriers or warnings. Millstone was the contracting firm that had constructed the exit ramp; Sverdrup was the architecture firm which designed the ramp.

On July 16, 1990, the appellants dismissed the City of St. Louis without prejudice. On November 20, 1990, the Circuit Court granted summary judgment in favor of Millstone. On December 21, 1990, summary judgment was granted in favor of Sverdrup. The court's orders with respect to Millstone and Sverdrup were both based on statute of limitations grounds. RSMo § 516.097 (1986).[1]

On December 14, 1990, respondents filed a motion to dismiss for pretensive venue and a motion to dismiss for improper venue. Respondents' motion alleged that appellants had filed suit against the City of St. Louis, Millstone and Sverdrup solely for purposes of establishing venue in the City of St. Louis and that appellants did not have a good faith belief that a cause of action existed against any of those defendants when suit was filed. On January 29, 1991, the respondents' motion to dismiss for pretensive venue was called, heard and sustained. This appeal followed.

■ This court has an affirmative duty to examine the propriety of its jurisdiction in every case. *City of Pagedale v. Taylor*, 790 S.W.2d 516, 518 (Mo.App., E.D.1990). This court lacks jurisdiction where the order appealed from is not final. *Mullins v. Miller*, 796 S.W.2d 119, 120 (Mo.App., E.D.1990). A dismissal for improper venue is not a final judgment, but is without prejudice to the refiling of the action in the proper forum. *Miller v. Illinois Central Railroad Co.*, 782 S.W.2d 138 (Mo. App., E.D.1989). Accordingly, a dismissal for improper venue is not an appealable order. *Id.*

■ Appellants would have this court consider their claims on appeal because the circuit court "certified" its order for purposes of appeal under Rule 74.01. We note, however, that the order of the circuit court fails to make an "express determination that there is no just reason for delay." Rule 74.01 (1991). Such a determination is necessary before any appellate review of the merits of the present case. *Bay's Texaco Service & Supply Co. v. Mayfield*, 792 S.W.2d 50, 51 (Mo.App., E.D.1990); *Hampton Foods, Inc. v. Wetterau Finance Co.*, 780 S.W.2d 79, 81 (Mo.App., E.D.1989).

Finding this court is without jurisdiction, the appeal is dismissed.

---

**1.** The constitutionality of RSMo § 516.097 has been challenged by the appellants in a separate appeal to the Missouri Supreme Court. *Hertlein v. Missouri Highway and Transportation Commission*, No. 73588 (Mo. filed January 14, 1991).