Heather Nicole CASE, a minor, By and Through her next friend, Patrick M. CASE and Michele Marie Case, a minor, By and Through her next friend, Patrick M. Case, and Patrick M. Case, Robert J. Hertlein and Caroline T. Hertlein, Plaintiffs/Appellants,

v.

MISSOURI HIGHWAY & TRANSPORTATION COMMISSION, Defendant/Respondent.

No. 59898.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 17, 1991.

Robert F. Ritter, Marina Jane Matoesian, Gray & Ritter, St. Louis, for plaintiffs, appellants.

Sam P. Rynearson, Kevin Paul Schnurbusch, Evans & Dixon, Paul R. Ferder, Mo. Hwy. & Transp. Com'n, St. Louis, for defendant, respondent.

PER CURIAM.

Appellants Heather Nicole Case, Michele Marie Case and Patrick M. Case appeal an order of the Circuit Court of the City of St. Louis dismissing their cause of action against the respondent, the Missouri Highway and Transportation Commission, for lack of venue. We dismiss the appeal.

Appellants' mother and wife, Bobbie Jean Case, was killed when the vehicle in which she was a passenger was involved in a one-car collision at the exit ramp of West bound Interstate 70 and Union Blvd. in the City of St. Louis.

On November 21, 1989, appellants brought a wrongful death suit along with Robert J. Hertlein and Caroline T. Hertlein, whose daughter was also killed in the accident, against the City of St. Louis, respondents, Millstone Construction, Inc. (Millstone) and Sverdrup and Parcel and Associates, Inc. (Sverdrup), alleging that the above parties designed, built and maintained the exit ramp in such a manner as to confuse and mislead drivers and that they failed to provide adequate lighting, barriers or warnings. Millstone was the contracting firm that had constructed the exit ramp; Sverdrup was the architecture firm that designed the ramp.

On July 16, 1990, the appellants dismissed the City of St. Louis without prejudice. On November 30, 1990, the Circuit Court granted summary judgment in favor of Millstone. On December 21, 1990, summary judgment was granted in favor of Sverdrup. The court's orders with respect to Millstone and Sverdrup were both based on statute of limitations grounds. RSMo § 516.097 (1986).[1]

On December 14, 1990, respondents filed a motion to dismiss for pretensive venue and a motion to dismiss for improper venue. Respondents' motion alleged that appellants had filed suit against the City of St. Louis, Millstone and Sverdrup solely for purposes of establishing venue in the City of St. Louis and that appellants did not have a good faith belief that a cause of action existed against any of those defendants when suit was filed. On January 29, 1991, the respondents' motion to dismiss for pretensive venue was called, heard and sustained. The Case appellants and the Hertlein appellants filed separate appeals from this order.

For the reasons set out in our opinion in *Hertlein v. Missouri Highway and Transportation Commission,* 820 S.W.2d 109 (Mo.App.1991) filed concurrently today, we dismiss this appeal for lack of jurisdiction.

1. The constitutionality of RSMo § 516.097 has been challenged by the appellants in a separate appeal to the Missouri Supreme Court. *Hertlein v. Missouri Highway and Transportation Commission,* No. 73588 (Mo. filed January 14, 1991).