**E & R LEASING COMPANY, a General Partnership, Plaintiff/Respondent,**

v.

**CITY OF CAPE GIRARDEAU, Missouri, a Municipal Corporation, Defendant/Appellant.**

No. 62065.

Missouri Court of Appeals, Eastern District, Southern Division.

April 13, 1993.

Warren L. Wells, City Attorney, Cape Girardeau, for defendant/appellant.

Kevin B. Spaeth, Kathleen A. Wolz, Richey, Rice, Spaeth, Heisserer and Summers, Cape Girardeau, for plaintiff/respondent.

Before KAROHL, C.J., and REINHARD and CRIST, JJ.

PER CURIAM.

In a condemnation proceeding brought by the City of Cape Girardeau (City) to condemn a parcel of land,[1] defendant E & R Leasing Company (E & R) filed its third amended counterclaim seeking, among other things, to quiet title in land on which E & R alleged City had clouded title.[2] The parties, by agreement, proceeded to first litigate the quiet title count of E & R's counterclaim. A trial was begun; after a day and a half of testimony, the court concluded that it did not have jurisdiction to hear a counterclaim in a condemnation action and, on its own motion, severed the actions pled in Counts I, II, and IV of the counterclaim from the condemnation proceeding.[3] City objected, and made an oral motion for dismissal of the counterclaim. The court overruled the motion and proceeded with the trial on the quiet title action, hearing new evidence and considering the evidence previously presented. The court quieted title in the disputed parcel in E & R's name. City appeals. We reverse, finding that the trial court was without jurisdiction to adjudicate the counterclaim, and hence the severed quiet title action.

City's petition requested condemnation of a parcel of land owned by E & R; City

---

1. City's condemnation proceeding was denominated case no. CV690–1644CC, and styled "City of Cape Girardeau, plaintiff, vs. Drury Southwest, Inc., Midamerica Hotels Corporation, and E & R Leasing Company, defendants." The trial court entered an order condemning the property and appointed commissioners to assess damages pursuant to § 523.040. City and E & R Leasing Company each took exceptions to the commissioners' report, this case was assigned no. CV690–2363CC.

2. E & R's third amended counterclaim attempted to state the following causes of action: Count I, ejectment; Count II, trespass; Count III, in-

verse condemnation; Count IV, quiet title. We are unable to ascertain from the record whether any or all of the disputed property named in the counterclaim was described in City's petition for condemnation.

3. The court delineated these counts as case no. CV691–2667CC, styled "E & R Leasing, plaintiff, vs. City of Cape Girardeau, defendant." E & R's counterclaim was subsequently identified as its amended petition. However, in the interest of consistency, this document will be referred to as E & R's third amended counterclaim for the purposes of this opinion.

sought permanent easements for sewer and storm water drainage lines, temporary easements for construction of such lines, and fee title ownership of additional property for sewer lines and a public street. E & R's third amended counterclaim alleged that City had purchased a tract of land from one of E & R's neighboring landowners, that the dimensions of this parcel were the subject of dispute, and that City occupied, pursuant to its interpretation of its new deed, land which rightfully belonged to E & R. In its quiet title action, E & R sought an adjudication that it was the legal owner of this disputed tract.

On appeal, City claims that the trial court was without jurisdiction to hear E & R's counterclaim because the counterclaim "did not involve or relate to damage to the property which was the subject of the original condemnation action." E & R asserts that its petition asserted a proper counterclaim.

Condemnation proceedings in this state are governed by Chapter 523 of our statutes, which "establishes special and specific procedures for condemnation." *State ex. rel. Washington Univ. v. Gaertner*, 626 S.W.2d 373, 376 (Mo. banc 1982). Rule 86 paraphrases Chapter 523 "without supplementing or adding additional procedures"; neither Chapter 523 nor Rule 86 makes any "provisions for the filing of a counterclaim by the condemnee in a condemnation proceeding." *Id.* at 376–77.

In *Washington Univ.*, a prohibition action, our supreme court made permanent a preliminary writ prohibiting a circuit judge from proceeding further in a condemnation action until a counterclaim filed by the condemnee had been dismissed, concluding that "under current Missouri statutes and rules of civil procedure, no counterclaim may be brought by a condemnee in a condemnation proceeding...." *Id.* at 374; *Tierney v. Planned Indus. Expansion Auth.*, 742 S.W.2d 146, 149 (Mo. banc 1987). The *Washington Univ.* court noted that condemnation proceedings are *in rem* actions, and reasoned that the condemnee, who had asserted a personal tort claim against the condemnor, was barred from bringing such a cause of action in the condemnation proceeding. The court stated:

> Rule 86.08 demonstrates clear intent to focus the jury trial on the issue of the amount of compensation to be paid to the condemnee for taking his property. To allow landowner to raise his counterclaim would be to expand the range of questions considered beyond the amount of compensation to be paid to the condemnee for taking his property, and would be inconsistent with the intent of Rule 86.08 and the statutes which it paraphrases.

*Washington Univ.*, 626 S.W.2d at 378. The court noted that its Rules Committee was "considering a revision of Rule 86 which would specifically make Rules 41 through 101 applicable to condemnation proceedings subsequent to the filing of exceptions, thereby permitting the filing of counterclaims pursuant to Rule 55.32." *Id.* n. 5. Such a revision has not been forthcoming.

In the case at bar, the trial court did not become aware of the special procedural rules for condemnation actions until the trial on the quiet title action was underway and evidence had been received. Although the judge stated that he thought both parties had been prejudiced by the court's failure to recognize the problem earlier, the court denied City's motion for dismissal of the counterclaim and endeavored to remedy the situation by severing the counterclaim and proceeding with the trial on the quiet title action. However, in light of our supreme court's decision in *Washington Univ.*, we conclude that the trial court, vested with jurisdiction only over the condemnation action, was without jurisdiction to take any action on E & R's counterclaim, except to order its dismissal. Rule 55.-27(g)(3); *Miller v. Illinois Cent. R.R. Co.*, 782 S.W.2d 138, 139 (Mo.App.1989).[4]

Judgment reversed.

---

**4.** E & R cites several cases which hold that,      pursuant to Rule 66.02, a trial court may sever a

counterclaim, "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy...."

Rule 66.02. However, the courts in the cited cases were not confronted with an absence of jurisdiction by the severing court.