STATE ex rel. Daniel L. JOHNSON,
Petitioner,

v.

Honorable Stephen K. GRIFFIN, Judge,
Circuit Court, DeKalb County and Honorable Thomas Brown, III, Judge, Circuit Court, Cole County, Respondents.

No. 79422.

Supreme Court of Missouri,
En Banc.

May 27, 1997.

Daniel L. Johnson, Cameron, pro se.

Jeremiah W. (Jay) Nixon, Attorney General, Tracy M. Synan, Assistant Attorney General, Jefferson City, for Respondents.

COVINGTON, Judge.

Relator Daniel L. Johnson seeks a writ of mandamus to compel the judge of the Circuit Court of Cole County to transfer to DeKalb County a case that Johnson alleges was improperly transferred from DeKalb County. After the Missouri Court of Appeals, Western District, denied Johnson's petition for a writ of mandamus, this Court issued an alternative writ of mandamus, which is now made permanent.

On July 10, 1996, Johnson, an inmate in the Western Missouri Correctional Center, filed in DeKalb County a petition against Mike Kemna, Steve Moore, and Fran Masters in their individual and official capacities as officers of the Western Missouri Correctional Center. Johnson sought declaratory and injunctive relief, alleging that defendants had wrongfully denied him access to his institutional files. In paragraph nine of his petition, Johnson alleged, "Venue is proper under section 536.110.3, RSMo., where the County of DeKalb, State of Missouri, is the home residence of the Petitioner, as well as the geopgraphical [sic] area where such claims as alleged herein are to have arisen, as well as being the county in which the

Defendants are emoployed [sic] at the WMCC."

The DeKalb County sheriff filed his return of service on July 19, 1996. On August 16, 1996, defendants filed their answer. In paragraph nine, defendants stated, "With regard to paragraph 9 of plaintiff's complaint, defendants admit that Western Missouri Correctional Center is in DeKalb County, Missouri. Defendants deny that plaintiff has pled a cause of action that invokes this Court's jurisdiction and venue, and deny all remaining allegations." On September 27, 1996, defendants filed a request for change of venue, alleging that venue is improper in DeKalb County and proper in Cole County. On October 10, 1996, the DeKalb County Circuit Court sustained defendants' motion and transferred the case to Cole County.

■■■■ Mandamus is a discretionary writ, not a writ of right. *State ex rel. Chassaing v. Mummert*, 887 S.W.2d 573, 576 (Mo. banc 1994). Mandamus will lie only when there is a clear, unequivocal, and specific right. *Id.* The purpose of the writ is to execute, not adjudicate. *Id.* If there is a clear, presently existing right to have the case adjudicated in DeKalb County, a writ of mandamus is the appropriate remedy. *See id.* If mandamus is the appropriate remedy, the writ should be directed to the judge of the Circuit Court of Cole County ordering the judge to transfer the case to DeKalb County. *See State ex rel. Breckenridge v. Sweeney*, 920 S.W.2d 901, 904 (Mo. banc 1996).

■■■■ Relator has a clear, presently existing right to have his suit proceed in DeKalb County. Rule 55.27(a)(3) requires that the defense of improper venue be asserted either in a defendant's responsive pleading or in a motion. A motion asserting improper venue must be made within the time allowed for responding to the opposing party's pleading, Rule 55.27(a), that is, within thirty days after the service of the summons and petition. A defense of improper venue is waived if it is neither made by motion under Rule 55.27 nor included in a responsive pleading. Rule 55.27(g)(1). When venue is waived, a court does not have jurisdiction to transfer a case on the basis of "improper venue." *State ex rel. Brockfeld v. Provaznik*, 812 S.W.2d 568,

568 (Mo.App.1991); *State ex rel. Bohannon v. Adolf*, 724 S.W.2d 248, 249 (Mo.App.1987). Defendants' September 27 motion asserting improper venue was untimely; therefore, the motion did not preserve the defense of improper venue, and the Circuit Court of DeKalb County did not have jurisdiction to transfer the case.

■■■ Respondents seek to avoid the time and waiver provisions of Rule 55.27 by asserting that in the September 27 motion defendants were "following through" with the venue challenge allegedly contained in their answer. For respondents to succeed under this theory, the content of defendants' answer would necessarily have had to comply with the requirement of Rule 55.27(a)(3) that defendants "assert" the defense of improper venue in the responsive pleading. The court of appeals explained what is required by Rule 55.27(a) in *Bohannon*, 724 S.W.2d at 249–50. In *Bohannon*, the respondent contended that the defendant's denial of each and every allegation of the petition was sufficient to preserve a claim of improper venue because the petition contained specific allegations establishing venue. *Id.* at 249–50. The court of appeals explained in response that a general denial of venue "falls far short" of what is required by the rule. *Id.* at 250. The court observed that Rule 55.27(a) requires a party to "assert" the defense of improper venue. *Id.* The court then set forth the meaning of "assert" as requiring a positive, assured, plain, or strong affirmation. *Id.* The court explained that the rule requires a defendant to assert improper venue at the earliest opportunity in order to avoid unnecessary delay and expense. *Id.*

To avoid unnecessary delay and expense, a party must give the trial court timely notice that he intends to rely upon the defense of improper venue by making a positive, assured, plain, or strong statement of that defense in his timely filed answer or motion. As in all pleadings, the statement should be supported by facts, not conclusions. The need for specificity in an averment is particularly important where a party claims to rely on the defense of improper venue. If venue is improper, it inures to the benefit of the

parties and the judicial system, for the purpose of efficient administration of justice, to bring the issue to the trial court's attention at the earliest possible time. This allows disposition of the issue to be made promptly so that the litigation can proceed elsewhere. To allow a defense of improper venue to be vaguely asserted is to undercut the very purpose of the requirement that the defense be plainly and timely asserted.

Paragraph nine of defendants' answer fails to satisfy the requirements of Rule 55.27(a). To reiterate, defendants stated, "[D]efendants admit that Western Missouri Correctional Center is in DeKalb County, Missouri. Defendants deny that plaintiff has pled a cause of action that invokes this Court's jurisdiction and venue, and deny all remaining allegations." Paragraph nine does not make a plain, factually supported assertion of the defense of improper venue as required by the rule. Defendants themselves appear to have recognized that they did not plead the defense of improper venue in their August 16 answer as evidenced by the fact that they plainly brought the defense of improper venue to the trial court's attention nearly six weeks later in their untimely September 27 motion, where they alleged that venue properly lay in Cole County.

Defendants did not timely notify the trial court and the plaintiff that defendants intended to assert the defense of improper venue. The alternative writ of mandamus is made permanent. Respondent judge of the Circuit Court of Cole County is ordered to transfer Johnson's cause to the Circuit Court of DeKalb County.

All concur.