**STATE of Missouri ex rel. Thomas MEYER, Relator,**

v.

**Hon. Robert H. RAVENHILL, Respondent.**

No. WD 57642.

Missouri Court of Appeals, Western District.

June 13, 2000.

Andrew C. Webb, Sedalia, for relator.

Jo-Ellen Horn, Warrensburg, for respondent.

Before: Presiding Judge LOWENSTEIN, Judge SMART and Judge HOWARD.

HAROLD L. LOWENSTEIN, Judge.

This court was presented petition for a writ of mandamus by relator, Thomas Meyer (Relator). Relator's petition asserted that he was involved in the underlying suit before the Respondent, The Honorable Robert Ravenhill. That suit was brought by Relator to vacate an administrative order which raised Relator's monthly child support obligation. Relator's petition in mandamus to this court asserted that in discovery, the Respondent had incorrectly ruled Relator had no right to ascertain information from the Division of Child Support Enforcement (the Divi-

sion) as to the method of calculation and as to what income was imputed to Relator in determining the child support amount. This court issued a preliminary writ. After briefing and oral argument, the facts of the underlying cases came into focus. The court now quashes the preliminary writ.

In December 1996, by an Administrative Order, after imputing income to Relator, the Division raised Relator's total monthly child support of his two children from $100 a month to $843 a month. In March 1999, Relator sought and received a modification of the order lowering his obligation to $328 a month. During the period of time between the two orders, however, an arrearage of some $20,000 accrued. This was so because Relator continued to pay "at the old rate" of $100 a month after his support obligation was raised. Relator filed an administrative appeal of the March 1999 order modifying his support obligation. On appeal, his monthly support obligation was reduced further to $164, however, the arrearage was not excused. The arrearage was the basis for an action for criminal non-support against the Relator in Saline County.

The action that underlies this writ is a civil matter filed by the Relator in the Respondent's court. Sometime in the summer of 1999, subsequent to the suit for criminal non-support brought against him, Relator filed an action in Saline County Circuit Court to vacate or set aside the portion of the 1999 administrative order which assessed the $20,000 arrearage based on Relator's past due support. Relator, under Rule 58.01, filed a request for production of documents from the Division to see "information as to what income was imputed to him upon which the December 12, 1996, Administrative Order was based, how the $843 per month child support obligation was calculated, and how the arrearage was calculated ..." The Division objected to the request relying on § 454.440.9, RSMo Cum.Supp.1999. Paraphrased, the relevant portion of that statute prohibits employees of the state from disclosing any information obtained by them in the discharge of their duties "relating to the contents of the records, files, papers and communications, except in the administration of the child support program..." As shown in the entire section, set out in the footnote, penalty for a purposeful or knowing violation of the statute is a class A misdemeanor.[1]

1. For the protection of applicants and recipients of services pursuant to sections 454.400 to 454.645, all officers and employees of, and persons and entities under contract to, the state of Missouri are prohibited, except as otherwise provided in this subsection, from disclosing any information obtained by them in the discharge of their official duties relative to the identity of applicants for or recipients of services or relating to proceedings or actions to establish paternity or to establish or enforce support, or relating to the contents of any records, files, papers and communications, except in the administration of the child support program or the administration of public assistance, including civil or criminal proceedings or investigations conducted in connection with the administration of the child support program or the administration of public assistance. Such officers, employees, persons or entities are specifically prohibited from disclosing any information relating to the location of one party to another party.
(1) If a protective order has been entered against the other party; or

(2) If there is reason to believe that such disclosure of information may result in physical or emotional harm to the other party. In any judicial proceedings, except such proceedings as are directly concerned with the administration of these programs, such information obtained in the discharge of official duties relative to the identity of applicants for or recipients of child support services or public assistance, and records, files, papers, communications and their contents shall be confidential and not admissible in evidence. Nothing in this subsection shall be construed to prohibit the circuit clerk from releasing information, not otherwise privileged, from court records for reasons other than the administration of the child support program, if such information does not identify any individual as an applicant for or receipt of services pursuant to sections 454.400 to 454.645. Anyone who purposely or knowingly violates this subsection is guilty of a class A misdemeanor.

The Respondent sustained the Division's objection to disclosure of the information, and this writ followed. Relator here seeks a judicial determination as to whether § 454.440.9 does indeed provide an informational privilege to the Division in cases such as the one at bar. Both the Relator and the Division agree there are no Missouri cases interpreting this statute, and thus there is no guidance as to whether information such as this (determination and calculation of imputed income, calculation of support obligation and arrearage) can be required to be produced by the Division.

What became evident for the first time during oral argument is that in the Division's answer to Relator's 1999 motion to set aside the 1996 Order from which the arrearage flowed, the Division raised the defense that Relator was out of time to vacate or set aside the 1996 Order. It answered that Relator had thirty days to set aside the Order or to request a hearing and that Relator failed to do so. It also asserted that Relator had one year to appeal, and having failed to do so, Relator waived the redress he asserted in his underlying suit. When asked in this court at oral argument why it had not yet filed a motion to dismiss, the Division stated that it had not done so since the dispute had arisen on the discovery matter, but that such a motion would soon be forthcoming. Relator was questioned as to this issue and responded that the timeliness of his motion was a matter which the trial court would ultimately have to decide. He did say there were a series of miscommunications between himself and the Division regarding his response to the 1996 notice from the Division as to the support increase and his right to contest and seek redress from the Order.

■ "The general rule is that a court will issue a writ of mandamus only where it is shown that the one requesting the writ has a clear and unequivocal right to the relief requested and a corresponding present, imperative, unconditional duty imposed on the respondent which the respondent has breached. It is not a writ of right and its issuance lies in the sound discretion of the trial court." *Naugher v. Mallory*, 631 S.W.2d 370, 374 (Mo.App. 1982) (Citations omitted). Even if the trial court misinterprets its jurisdiction and duty in a case, "[i]t does not necessarily follow...that relators are therefore entitled to our peremptory writ of mandamus. A writ of mandamus is a hard and vast unreasoning writ, and is reserved for extraordinary emergencies. It is not a writ of right, and its issuance is largely discretionary with the court in each particular case." *State ex. rel. McGarry v. Kirkwood*, 423 S.W.2d 205, 207 (Mo.App.1967) (Citations omitted).

■ There may be confusion as to the extent of the privilege in § 454.440.9 given to the Division as to records, documents and information, and the extent of the exception for the child support program. However, this court should not and will not render an opinion in this mandamus petition when the issue of timeliness of a motion to set aside may be determined meritorious. Even if the Respondent's ruling was incorrect, this court is not constrained to make the writ absolute. In an exercise of discretion this court will quash the preliminary writ and allow the issue of timeliness to be determined by the trial court. Even though the cases cited in the previous paragraph defining the underpinnings for the grant of mandamus speak of remedy by way of law or appeal (presumably by the relator), the principles should apply to a factual situation such as in the case at bar. The discovery question sought to be answered here may well be rendered moot by the decision on the overriding issue of the timeliness of the underlying lawsuit, thus putting into serious question whether or not the Relator has a clear and unequivocal right to obtain the remedy and relief he seeks in the petition in mandamus. See *State ex. rel. Chassaing v. Mummert*, 887 S.W.2d 573, 576 (Mo. banc 1994); *State ex. rel. Jay Bee Stores, Inc. v. Edwards*, 636

S.W.2d 61, 63 (Mo. banc 1982); *State ex. rel. Johnson v. Griffin,* 945 S.W.2d 445, 446 (Mo. banc 1997). This court now quashes the preliminary writ and advises Relator the issue presented in his writ for mandamus may be later raised, but only after disposition of the matter of timeliness of Relator's underlying suit has been properly raised and ruled upon by the trial court.

All concur.