HELEN H. BAXTER, ESTHER E. HARDIN, and VIRGINIA MILLER, Appellants, v. THE LAND CONSTRUCTION COMPANY, a Corporation, and ROBERT HASTINGS, WILLIAM MORTON, and R. R. CALKINS, Who Constitute and Comprise the Board of Park Commissioners of the City of St. Joseph, and the City of St. Joseph, Missouri. —No. 40177.—206 S. W. (2d) 325.

Division Two, December 8, 1947.

*Homer C. King* and *W. H. Utz, Jr.,* for appellants.

*Ronald S. Reed,* City Counselor and *Alva F. Lindsay,* for respondents.

[326] TIPTON, J.—The appellants filed this action in the Circuit Court of Buchanan County, Missouri, to restrain and enjoin the respondents from further proceeding with the resurfacing of Ashland Avenue in the City of St. Joseph, Missouri, and also asked that court to declare void the contract and other proceedings under which respondents were undertaking to do the work. A trial was had upon the merits of this case which resulted in a judgment in favor of respondents.

Ashland Avenue is a designated boulevard and is under the supervision and control of the Board of Park Commissioners of the City of St. Joseph.

On June 7, 1945, this board designated Noyes Boulevard and Ashland Avenue for resurfacing and directed its superintendent to negotiate with the Board of Public Works for the preparation of necessary plans, specifications and estimate of costs. On November 8, 1945, the Board of Park Commissioners decided to resurface Ashland Avenue with asphaltic concrete, using the present pavement as a base, and at the same time instructed the city engineer to prepare an ordinance and specifications for resurfacing the same. On March 28, 1946, this board approved and ordered its secretary to file the ordinance, specifications and estimates presented by the city engineer. At the same time the board passed a resolution sending the proposed ordinance to the Common Council of St. Joseph and recommended its passage. The ordinance as proposed was passed July 12, 1946, by the Council and is known as Special Ordinance 12740.

On July 18, 1946, the Board of Park Commissioners ordered to be inserted in the St. Joseph Gazette as of July 30, 1946, an advertisement asking for bids on this project of resurfacing Ashland Avenue. These bids were to be opened on August 7, 1946, by the Board of Park Commissioners. The board also inserted in the St. Joseph Gazette of July 30, 1946, an advertisement notifying all persons interested in the resurfacing of Ashland Avenue that it would meet on August 8, 1946, for the purpose of giving these interested persons an opportunity to be heard.

The board met on August 7, 1946, and only one bid was received. That was the bid of the respondent Land Construction Company and this bid was taken under advisement by the board. The board met again as scheduled on August 8, 1946, at which time a delegation of Ashland Avenue property owners appeared and presented a petition requesting the board to await the awarding of the contract until they could investigate a different type of material that might be secured at a more favorable price. The board, as these property owners express it, graciously consented, and the hearing was adjourned until August 12, 1946, when again the property owners appeared and reported to the board that they considered the bid of the Land Construction Company exorbitant and asked it to reject the bid. These property owners produced an offer from Bar-Co-Roc Company to pave the boulevard with rock asphalt instead of asphaltic concrete. They asked the board to set aside its proceedings and [327] to readvertise for bids in a way that would include rock asphalt paving, as they believed it was comparable material to asphaltic concrete and could be had at less cost. The board found the rock asphalt undesirable and that its use would not likely reduce the cost, and

awarded the contract to the Land Construction Company. The contractor signed the contract and gave bond to complete the job within sixty calendar days. He purchased the material, took his machinery out on the street and began tearing up the street, preparatory to carrying out his contract.

Thereafter the appellants instituted this injunction action.

The respondent Land Construction Company, in its answer, stated that appellants had failed to comply with Sections 6589, 6590 and 6591, R. S. Mo., 1939. These sections gave the property owners a statutory method of being "heard upon all questions relative to the regularity and validity of all proceedings of the common council, board of public works or board of park commissioners, required by this article to be had and performed before any such contract shall be let," and, therefore, this injunction would not lie. Appellants' reply contended that Sections 6589, 6590 and 6591, supra, were unconstitutional as being in violation of Article I, Section 10, and Article V, Section 1, of our Constitution.

These sections are as follows:

Section 6589. "Before any contract for any public improvement in any city of the first class shall be let by the board of public works or the board of park commissioners, of any such city, said board shall publish a notice in some newspaper having a general circulation in said city, appointing a day certain, not exceeding ten days after the bids for such public improvement shall have been received, when all persons interested in said public improvement or in the letting of said contract may appear and be heard upon all questions relative to the regularity and validity of all proceedings of the common council, board of public works or board of park commissioners, required by this article to be had and performed before any such contract shall be let, and if any person so interested shall show upon such hearing, to the satisfaction of the said board of public works or board of park commissioners, any irregularity and invalidity of any such proceedings, said board shall decline to let said contract, make an order canceling and annulling all proceedings thereunder and may start said proceedings over again. But if any person so interested shall not produce satisfactory evidence to said board of the irregularity and invalidity of any such proceedings, said board shall proceed to let said contract as provided by law."

Section 6590. "Any person so interested in said public improvement and in the letting of the contract therefor who shall appear before said board at the time appointed and object to the letting of said contract for the reason stated in section 6589, upon filing with said board a bond in favor of said city in such sum as said board may deem sufficient to cover all damages and costs, may appeal from the decision of said board to the circuit court of the county in which

said city is located, within five days after the decision of said board is rendered in the manner provided by law for taking an appeal from a justice of the peace in such county. Thereupon said board shall immediately cause to be prepared and filed with the clerk of said circuit court a full and complete certified transcript of all of said proceedings relating to said improvement and thereupon said circuit court shall become possessed of the proceedings and summarily determine by its judgment the regularity and validity of all said proceedings as a matter of law, which judgment, when the same shall become final and when certified to said board of public works or said board of park commissioners by the clerk of said circuit court, shall authorize said board to proceed to let said contract as if no such appeal had been taken.''

Section 6591. ''No irregularity in the proceedings of the common council, board of public works or board of park commissioners prior to the letting of any contract for any public improvement which shall not have been presented to said board of public works or board of park commissioners, by any person interested therein at the time appointed by said board for a hearing thereon [328] as hereinafter provided shall affect the validity of any such contract or the validity of any tax bill issued in payment for such improvement under such contract.''

Appellants contend first that these sections are unconstitutional because they violate Article I, Section 10 of our State Constitution, which is the due process provision.

To sustain their position, they strongly rely upon our case of Barber Asphalt Paving Company v. Ridge, 169 Mo 376, 68 S. W. 1043. That was a suit to enforce the lien of a tax bill issued by Kansas City for paving a street in that city. Defendants' answer had pleaded that the work of paving the street was not done within sixty days after the contract therefor became binding and took effect, as required by the ordinance, but five months later. Article 9, Section 23 of the charter of Kansas City, 1889, provided that the owner of real estate should, within sixty days from the date of issue of the tax bills, file with the board of public works a written statement of the objections the property owner might have as to the validity of such tax bills, and in any suit on such tax bills no objection should be pleaded or proved other than those filed with the board of public works. The circuit court struck out defendants' special pleas in defendants' answer as they failed to state that they had filed with the board of public works within sixty days after the date of the issuance of the tax bills a written statement of any or all objections or facts, as stated in their answer.

We held that that section of the city charter violated the due process clause of our State Constituion and in ruling the case we said:

"Numerous cases are cited by counsel, under statute, providing for notice and fixing a time for hearing in tax proceedings, but they are easily distinguished from this charter provision in this: they provide for the property holder, after due notice, coming into a tribunal having jurisdiction to hear and determine his objections, but this charter makes no such provision. It is a bold, arbitrary requirement that he shall disclose his objections and defense to a public board which has no authority to consider his objections or grant him relief; a board, whose functions are not judicial, and before which his adversary, the holder of the taxbill, is not required to appear, or to submit to any judgment or direction which it might give, and he is required to file these objections, not in advance of the issuance of the taxbill, so that any illegality might be corrected before it goes into the hand of the innocent purchaser and investor, but after the whole tax proceeding has culminated in the issue of the taxbill, and probably after it has been negotiated." Loc. cit. 386.

We think the procedure required by Section 23 of the city charter of Kansas City, under review in the Barber Asphalt Paving Co. case, is easily distinguishable from Sections 6589, 6590 and 6591, supra, which contain provisions of the city charters of cities of the first class in this state and are, therefore, applicable to the City of St. Joseph. In that case objections and defenses were required .to be made to the board of public works but not before the contract for the public improvement was let or before the tax bills were issued, but after they were issued. That board had no authority to consider the objections or grant any relief.

However, under Sections 6589, 6590 and 6591, supra, a notice is published in a newspaper appointing a day certain for a meeting when all persons interested in the letting of the contract may appear and be heard upon all questions relative to the regularity and validity of all proceedings required by this article (Article 2,, Chapter 38), the meeting to be held before any such contract shall be let. If these property owners shall show at such hearing to the satisfaction of the board of park commissioners any irregularity and invalidity of any such proceeding, the board shall decline to let the contract, but if the evidence produced does not satisfy the board of the irregularity and invalidity of any such proceeding it shall proceed to let the contract. The statute does not require the board to make any formal findings.

Section 6590, supra, provides for an appeal by an interested property owner from the decision of the board of park commissioners [329] to the circuit court and that court shall "determine by its judgment the regularity and validity of all said proceedings as a matter of law."

We agree with the appellants that the Board of Park Commissioners cannot by its order repeal the ordinance passed by the City Council authorizing the public work, but if the ordinance is invalid, the Court can on appeal enter a judgment to that effect.

Nor are we impressed with appellants' argument that the board might require an unreasonable appeal bond. We would assume the board would not act arbitrarily, but if it did an interested property owner could by mandamus compel it to set the bond in an amount that would be reasonable under the circumstances.

Appellants also contend that under our 1945 Constitution there can be no appeal because the office of justice of the peace has been abolished. Section 6590, supra, does provide that the appeal shall be taken as provided for taking an appeal from a justice of the peace. Section 20, Article V of the 1945 Constitution provides that: "Until otherwise provided by law consistent with this Constitution, the practice, procedure, administration and jurisdiction of magistrate courts, and appeals therefrom, shall be as now provided by law for justices of the peace." Until changed by the legislature, the appeal is to be taken in the same manner as an appeal from a justice of the peace prior to the adoption of the 1945 Constitution. We think appellants' contention is without merit.

In the case at bar the appellants were given an opportunity to appear before the Board of Park Commissioners, which they did on the date named in the legal notice published in a newspaper, and they were given an opportunity to present their evidence. However, these appellants failed to avail themselves of a judicial review as provided in Section 6590, supra.

The due process clause of our Constitution is not violated, even if the administration of the act is conducted by a ministerial board. Due process does not necessarily mean judicial process. It frequently happens that a full discharge of its duties compels a board whose officers are of a purely ministerial character to consider and determine questions of a legal nature. Ex parte Williams, 345 Mo. 1121, 139 S. W. 2d 485.

Appellants contend that Sections 6589, 6590 and 6591, supra, violate Article V, Section 1 of our present Constitution in that these sections confer judicial powers on the Board of Park Commissioners. We are not impressed with the contention of the appellants. It is true these sections provide for a hearing before the board. The board can only make an order canceling and annulling all proceedings if at the hearing it finds that there has been any irregularity and invalidity in the proceedings. If not, the board can only proceed to let the contract. It cannot enter a judgment or enforce any order. The proceedings provided for by these sections do have some resemblance to judicial actions of a court of law and equity, yet they are merely incidents of the work of investigation and determination

of facts and questions devolved upon that body by the legislature. They do not imply the possession of any of the essential attributes or machinery of constitutional courts in this state. Lusk v. Atkinson, 268 Mo. 109, 186 S. W. 703. A board whose officers are of a purely ministerial character may consider and determine questions of a legal nature. Ex parte Williams, supra.

The law is well settled in this state that an injunction suit or a suit in equity will not lie where a taxpayer has an adequate statutory remedy. State ex rel. Merritt v. Gardner, 347 Mo. 569, 148 S. W. 2d 780; State ex rel. Cirese v. Ridge, 345 Mo. 1096, 138 S. W. 2d 1012.

Since we have held Sections 6589, 6590 and 6591, supra, constitutional, the appellants had an adequate statutory remedy and, therefore, this injunction suit will not lie. The trial court properly dismissed this action. The judgment is affirmed. All concur.