**Norman L. RISSE, Appellant,**

v.

**APV ANDERSON BROTHERS and the Kroger Company, Respondents.**

**No. 50453.**

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 12, 1986.

Gerald M. Dunne, Clayton, for appellant.

Robert E. Keaney, Brian R. Plegge, St. Louis, for respondents.

SNYDER, Judge.

Plaintiff appeals from a trial court judgment dismissing his petition against defendants, the Kroger Company and APV Anderson Brothers, Inc. Plaintiff sought damages for personal injuries incurred when his hand was caught in a machine manufactured by Anderson and used in the Kroger operation where appellant was employed.

The trial court dismissed the petition against Kroger because appellant had filed and settled a workers' compensation claim with Kroger. The Anderson counts were dismissed for improper venue. The judgment dismissing Kroger as a defendant is affirmed. The appeal as it relates to Anderson is dismissed.

On April 7, 1980, appellant was injured while working in the course of his regular employment at Kroger's dairy facility in St. Louis County. Kroger is a Missouri corporation with offices and operations in both the City and County of St. Louis, and in various other cities. Appellant's right hand became entangled in a plastiwrap machine manufactured by Anderson, a Delaware Corporation not registered to do business in Missouri. Appellant sustained burns and lacerations to his wrist. He filed a claim against Kroger before the Missouri Division of Workers' Compensation. The parties agreed to a compromise settlement of this claim on November 10, 1983.

On April 24, 1984, appellant filed a petition against Anderson alone in the Circuit Court of the City of St. Louis. The petition alleged product liability and failure to warn. On September 11, 1984, the trial court granted Anderson's motion to dismiss, the motion having alleged improper venue and service of summons.

Appellant then filed a second petition in the City of St. Louis Circuit Court against both Anderson and Kroger in which he charged Kroger with concealing and failing to disclose the dangerous condition of the

plastiwrap machine. The trial court granted Kroger's separate motion to dismiss on January 18, 1985 because appellant's recovery under the workers' compensation statute barred his common law claim.

Once Kroger was dismissed from the action, Anderson filed its motion to dismiss for improper venue, attaching an affidavit stating that it has no office or agent for the transaction of business within the City of St. Louis. The trial court granted this motion to dismiss on May 29, 1985, with an effective date of June 7, 1985, to allow appellant time to apply for a writ. Appellant filed a petition for a writ of mandamus which was denied by this court on July 11, 1985. This appeal followed.

Appellant filed his third petition on June 12, 1985, in the Circuit Court of St. Louis County naming only Anderson as a defendant. The record on appeal fails to contain any reference to the status of the St. Louis County suit.

■ Appellant asserts that the trial court erred in granting Kroger's motion to dismiss because appellant stated a claim for intentional injury which is not barred by § 287.120 of the workers' compensation statute. Appellant's point is without merit.

The trial court ruled that appellant's claim was barred by the Missouri workers' compensation statute, § 287.120 RSMo 1978 which reads in pertinent part:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefore whatsoever, whether to the employee or any other person. The term "accident" as used in this section shall include, but not be limited to injury or death of the employee caused by the unprovoked violence or assault against the employee by any person.

Appellant contends that his injury was non-accidental and therefore not within the exclusivity provision of § 287.120. Appellant cites authority for the proposition that intentional injury inflicted by the employer is not regarded as "accidental injury", A Larsen, *Workmen's Compensation* § 68 (1976), and argues that Kroger acted intentionally by concealing and failing to disclose to him the dangerous condition of the plastiwrap system.

■ This court addressed the issue of an employer's intentional acts that may result in an actionable non-accidental injury in *McCoy v. Liberty Foundry Co.*, 635 S.W.2d 60 (Mo.App.1982). In *McCoy*, this court ruled that for an employer's conduct to be actionable as a non-accidental cause of injury, "the employer must intentionally act with the specific purpose of thereby injuring the employee". *Id.* at 62 [1].

The court found in *McCoy* that an employer did not act with the specific purpose of injuring plaintiff when it allegedly failed to comply with statutory safety and health provisions and plaintiff contracted silicosis, a lung disorder. The court concluded that "[T]he petition does not directly allege or imply, nor can it reasonably be inferred, that Liberty (the employer) did what it is alleged to have done throughout the fourteen years of plaintiff's employment for the fiendish purpose of infecting plaintiff and eventually disabling him with silicosis". *Id.* at 63.

Appellant's allegation that Kroger concealed and failed to disclose the dangerous condition of the plastiwrap system is not tantamount to an allegation that Kroger specifically intended for its acts to injure appellant.

In determining the sufficiency of a petition challenged by a motion to dismiss, a court is to give the petition its broadest intendment, treat all facts as true, and construe the allegations favorably to the plaintiff to determine whether they invoke principles of substantive law. *Foster v. Foster*, 673 S.W.2d 108, 109 [1] (Mo.App.

1984).  Even applying this stringent standard to the facts alleged in appellant's petition, he has done no more than allege that Kroger failed to warn him that the plastic-wrap system was dangerous.  Failure to warn, as alleged in appellant's petition, does not constitute intent to injure.  Therefore, the trial court's dismissal of the claim against Kroger was not error.

■ Appellant has also appealed the dismissal, based on improper venue, of its petition against Anderson, after the case had been dismissed against Kroger.  Appellant brought suit in the City of St. Louis, a proper venue for a claim against Kroger and a proper venue for a claim against Kroger joining Anderson, but an improper venue for a claim against Anderson alone, the cause of action having arisen in St. Louis County.  Sections 508.010(2), 508.040 RSMo. 1978.

■ A dismissal for improper venue is not an appealable order because the dismissal is not a final judgment on the merits disposing of all issues in the case.  *Kapper v. National Engineering Company*, 685 S.W.2d 617, 618 [2, 3] (Mo.App.1985); *Davidson v. Hess*, 673 S.W.2d 111, 112 [1, 2] (Mo.App.1984); *Gillman v. Mercantile Trust Company*, 629 S.W.2d 441, 443 [1–4] (Mo.App.1981).  The party is not precluded from filing his action in the proper forum.  Rule 67.03; *Davidson*, 673 S.W.2d at 112 [1, 2].

A judgment must be final before an appeal is proper.  *Roberts v. Harms*, 698 S.W.2d 608, 610 [2] (Mo.App.1985).  Anderson has filed a motion to dismiss the appeal as it relates to it because the dismissal was not a final judgment.  The motion is granted and the Anderson appeal is dismissed.

The judgment dismissing Kroger's petition is affirmed.  The appeal as it relates to Anderson is dismissed.

SMITH and CARL R. GAERTNER, JJ., concur.