**Calvin and Mary GOODRUM, Appellants,**

v.

**ASPLUNDH TREE EXPERT COMPANY, Respondent.**

No. 73836.

Supreme Court of Missouri, En Banc.

Jan. 28, 1992.

William H. Pickett, David T. Greis, Kansas City, for appellants.

James W. Benjamin, Barbara F. Corbin, Kansas City, for respondent.

Jack W.R. Headley, Thomas A. Ryan, Jeffrey P. Ray, Kansas City, amicus.

RENDLEN, Judge.

Benjamin Goodrum, employed by respondent Asplundh Tree Expert Company as a groundsman, was trimming trees near overhead power lines on July 10, 1986. Before or during this work, Goodrum's foreman, Patrick Lamberton, gave him a substance known as "white cross," and after ingesting that substance Goodrum suffered sunstroke, cardio-respiratory arrest and acute renal failure, resulting in death twenty days later.

Plaintiffs, Goodrum's parents, brought this suit against Asplundh and Lamberton on July 10, 1989, alleging both negligence and intentional tort; in response, Asplundh moved to dismiss for lack of subject matter jurisdiction, insisting the Labor and Industrial Relations Commission had exclusive subject matter jurisdiction under the Worker's Compensation Law, Chapter 287, RSMo 1986, citing as authority *Killian v. J & J Installers, Inc.*, 802 S.W.2d 158 (Mo. banc 1991).

Though the Goodrums countered with a number of constitutional challenges to § 287.120 (as applied in *Killian*), the trial court granted the motion to dismiss. The constitutional challenges, avoided in *Killian* because not raised at the first opportunity, 802 S.W.2d at 161 n. 1, bring this cause within the ambit of our exclusive original appellate jurisdiction. Mo. Const. art. V, § 3. These issues include violations of: (1) the open courts provision, Mo. Const. art. I, § 14; (2) the Due Process clause of the Fifth and Fourteenth Amendments of the United States Constitution and Mo. Const. art. I, § 10; (3) the Equal Protection clause of the Fourteenth Amendment of the United States Constitution and Mo. Const. art. I, § 2; (4) the right to trial by jury, Mo. Const. art. I, § 22(a); (5) Mo. Const. art. V, § 14, granting exclusive jurisdiction of all cases and matters to the circuit court; and (6) separation of powers. Mo. Const. art. II, § 1.

Section 287.120 provides:

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish *compensation* under the provisions of this

chapter *for* personal injury or *death* of the employee *by accident* arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. The term *"accident"* as used in this section *shall include,* but not be limited to, injury or death of the employee caused by the unprovoked violence or *assault* against the employee by any person.

2. The rights and remedies herein granted to an employee shall exclude *all other rights and remedies* of the employee, ... parents, ... or next of kin, at common law or otherwise, on account of such accidental injury or death, except such right and remedies as are not provided for by this chapter. (Emphasis added.)

In *Killian,* the Court held that questions involving whether injuries to an employee resulted from an accident or an intentional act by his employer lie within the exclusive jurisdiction of the Labor and Industrial Relations Commission, and the circuit court was without jurisdiction to determine the issue. 802 S.W.2d at 161. *See also Hannah v. Mallinckrodt,* 633 S.W.2d 723 (Mo. banc 1982). Here plaintiffs plead an intentional tort by an employer is not an "accident" and is thus beyond the purview of the worker's compensation laws. *See Killian, id.* at 160; *Speck v. Union Electric Co.,* 741 S.W.2d 280, 281–83 (Mo.App.1987); *Risse v. APV Anderson Brothers,* 714 S.W.2d 922, 924 (Mo.App.1986); *McCoy v. Liberty Foundry Co.,* 635 S.W.2d 60 (Mo. App.1982); *Harryman v. L & N Buick–Pontiac, Inc.,* 431 S.W.2d 193, 196–97 (Mo. banc 1968). *But see Hood v. Trans World Airlines, Inc.,* 648 S.W.2d 167, 168 (Mo. App.1983); *Loughridge v. Overnite Transportation Co.,* 649 F.Supp. 52 (E.D.Mo. 1986); *Allen v. Dorothy's Laundry and Dry Cleaning Co.,* 523 S.W.2d 874, 878–79 (Mo.App.1975) (applying statutory provision that workers' compensation applies to unprovoked violence or assault against employee by any person). *See also Wood v. Union Electric Co.,* 786 S.W.2d 613 (Mo. App.1990) (exclusive jurisdiction over plaintiff's claim for work-related medical expenses is vested in Division of Workers' Compensation, even though plaintiff pleaded intentional tort in withholding payment); *Hill v. John Chezik Imports,* 797 S.W.2d 528, 531 (Mo.App.1990); and *Hollrah v. Freidrich,* 634 S.W.2d 221, 223 (Mo.App. 1982) (suit against *co-employee* for intentional tort not excluded by Workers' Compensation Act).

In this case, however, we are not called to determine whether the assault upon Goodrum was an "accident" within the meaning of § 287.120, but to address plaintiffs' constitutional challenges to our conclusion in *Killian* that the Commission, rather than the circuit court, is to make such a determination.[1]

## I. THE ADMINISTRATIVE PROCESS AND JUDICIAL REVIEW

█ A brief review of the workers' compensation process will set the background for the resolution of this case. If the employer and employee cannot agree on the compensation payable under the Act, either party may apply for a hearing before an administrative law judge, §§ 287.450, 287.-460, RSMo 1986, and following an award, either may seek review by the Labor and Industrial Relations Commission. §§ 287.-470, 287.480. Under *Killian,* as stated above, the Commission, rather than the circuit court, has exclusive jurisdiction to determine whether the claimant's injuries were the product of an accident or of an intentional act on the part of the employer. 802 S.W.2d at 161. Upon final award by the Commission, either party may appeal to the appellate court within whose jurisdic-

---

1. Section 287.120.1, by its express terms, provides that the term "accident" "shall include, but not be limited to, injury or death of the employee caused by the unprovoked violence or assault against the employee by any person." As noted by some of the preceding cases, this statute has been strictly construed by its terms. Plaintiffs do not challenge the statutory language or the interpretation made by these cases; instead, they attack the requirement of *Killian* and *Hannah* that in the first instance it is the province of the Commission, rather than the court, to determine whether the complained of conduct leading to injury constituted an "accident."

tional area the accident occurred. § 287.-495.[2]

Our procedure under *Killian* follows the doctrine of "primary jurisdiction," and as stated there, in some circumstances courts will not decide a controversy involving a question within the jurisdiction of an administrative tribunal until after that tribunal has rendered its decision. 802 S.W.2d at 160.

## II. THE CONSTITUTIONAL CLAIMS

### The Open Courts Provision

■ Missouri Constitution Article I, § 14, provides that "the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay." This Court has said:

> The right of access to the courts is said to trace back to the Magna Charta. *De-May v. Liberty Foundry Co.*, 327 Mo. 495, 37 S.W.2d 640, 645 (1931). It has been held to be an aspect of the right to petition the government contained in the First Amendment to the United States Constitution. *California Motor Transport Company v. Trucking Unlimited*, 404 U.S. 508, 510, 92 S.Ct. 609 [611], 30 L.Ed.2d 642 (1972). Most importantly, it is explicitly preserved in the Constitution of Missouri.

*State ex rel. Cardinal Glennon Memorial Hospital for Children v. Gaertner*, 583 S.W.2d 107, 110 (Mo. banc 1979). However, in construing the constitutional provision, the Court has also stated:

> *Art. I, § 14* does not create rights, but is meant to protect the enforcement of rights already acknowledged by law. The right of access "means simply the right to pursue in the courts the causes of action the substantive law recognizes."

*Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 510 (Mo. banc 1991) (quoting *Harrell v. Total Health Care,*

*Inc.*, 781 S.W.2d 58, 62 (Mo. banc 1989)). As stated in *Blaske, et al., v. Smith & Entzeroth, Inc., et al.*, 821 S.W.2d 822, 832–833 (Mo. banc 1991), "this Court draws an important distinction between a statute which creates a condition precedent to the use of the courts to enforce a valid cause of action (which violates the open courts provision) and a statute which simply changes the common law by eliminating a cause of action which has previously existed at common law or under some prior statute."

Plaintiffs rely heavily on *State ex rel. Cardinal Glennon Memorial Hospital v. Gaertner*, 583 S.W.2d 107, 110 (Mo. banc 1979), where this Court invalidated §§ 538.-010–.080, RSMo Supp.1976, which had required arbitration of medical malpractice claims before a Professional Liability Review Board (PLRB); if any party rejected the recommendations of the Board, only then could a claimant bring suit in court. We found the statutory provisions violative of Mo. Const. art. I, § 14, because it imposed an unduly burdensome precondition on a litigant's right of access to the courts.

*Cardinal Glennon* is markedly different from the case at bar, as the arbitration procedure before the PLRB was distinct from the process involved in determining an employer's liability under the *Killian* rule. The proceedings before the PLRB were potentially meaningless, as the Board's recommendations could be ignored by the parties and were to be given no consideration in any subsequent legal actions. Under *Killian*, in contrast, the initial decision of the Labor and Industrial Relations Commission whether or not the injury was an "accident" within the meaning of Chapter 287 sets the legal process in motion to examine the worker's claim. If the Commission should determine it has no jurisdiction, the matter may proceed directly to the circuit court. On the other hand, the Commission has exclusive jurisdiction in the first instance as to matters covered by the Workers' Compensation Act, and if

---

**2.** Another statutory provision, not applicable to the case at bar because designed only for claims arising before August 13, 1980, provides for appeal from the Commission to the circuit court of the county in which the accident occurred. § 287.490.

the Commission issues an award, judicial review proceeds directly to the appellate courts. We do not believe it can be said the *Killian* rule delays a claimant's access to the courts, but in contrast, is a step in the disposition of the worker's claim. In distinguishing *Cardinal Glennon,* this Court has stated:

> In *Cardinal Glennon* the Court struck down a procedure for compulsory but non-binding arbitration, which might operate to delay the jury trial to which the parties were entitled. [The case furnishes] no authority whatsoever for limiting the legislature's authority to design the framework for the substantive law. The right of access means simply the right to pursue in the courts the causes of action the substantive law recognizes.

*Harrell v. Total Health Care, Inc.,* 781 S.W.2d at 61–62 (Mo. banc 1989). See also *Kandt v. Evans,* 645 P.2d 1300, 1306 (Colo. 1982), holding provisions of state workers' compensation law which prohibited civil lawsuits against co-employee for commission of intentional tort did not infringe upon the state's constitutional "access to courts" provision "as long as an adequate statutory remedy was provided." In response to plaintiffs' open courts challenge, we find that § 287.120, as applied in *Killian,* "is an exercise of legislative authority rationally justified by the end sought, and hence valid against the contention made here." *Mahoney v. Doerhoff Surgical Services, Inc.,* 807 S.W.2d 503, 510 (Mo. banc 1991); see also *Harrell,* 781 S.W.2d at 62.

### Due Process

■ Plaintiffs next claim the *Killian* procedure violates the Due Process clause of both the state and federal constitutions. As stated in *Findley v. City of Kansas City,* 782 S.W.2d 393, 397–98 (Mo. banc 1990), the analysis required for this issue is the same as is necessary to consider plaintiffs' open courts claim under art. I, § 14, which is but a second due process clause to the state constitution. "Art. I, § 10 [the Due Process clause], like art. I, § 14, guarantees no more than that a claimant is entitled to whatever process is constitution-ally mandated or permitted under the laws extant at the time of claim." *Id.* at 398. "Due process does not necessarily mean judicial process." *Percy Kent Bag Co. v. Missouri Commission on Human Rights,* 632 S.W.2d 480, 485 (Mo. banc 1982) (quoting *Baxter v. Land Construction Co.,* 357 Mo. 58, 206 S.W.2d 325, 329 (1947)). This point is denied.

### Equal Protection

■ Plaintiffs are not members of a "suspect class," nor do they hold a "fundamental right" singled out for special consideration under the Equal Protection clause, thus the allegedly discriminatory classification must be upheld in the context of equal protection if found rationally related to a legitimate state interest. *Mahoney,* 807 S.W.2d at 512. See also *Simpson v. Kilcher,* 749 S.W.2d 386, 392 (Mo. banc 1988); *Blaske, et al., v. Smith & Entzeroth, Inc., et al.,* 821 S.W.2d at 822–829 (Mo. banc 1991). As stated in *Mahoney:*

> A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it ... Those challenging the legislative judgment must convince the court the legislative facts upon which the classification is apparently based could not reasonably be conceived to be true by the governmental decisionmaker.

807 S.W.2d at 512.

Instructive in this regard is *Suckow v. NEOWA FS, Inc.,* 445 N.W.2d 776 (Iowa 1989), where an injured employee attempted to sue his employer for injuries allegedly caused by the employer's gross negligence. The trial court dismissed the claim and the employee appealed, claiming the court's interpretation of the Iowa Worker's Compensation Law violated the equal protection guarantee by denying his "fundamental right of access to the courts." The Iowa Supreme Court held:

> Here the judicial process is not essential to the exercise of any fundamental right belonging to workers' compensation claimants. The State has passed comprehensive statutory schemes 'to promote an expansive and automatic remedy to

injured employees.' ... Like the bankruptcy litigation [in *United States v. Kras,* [409 U.S. 434], 93 S.Ct. 631, 637–39 [34 L.Ed.2d 626] (1973) (upholding against equal protection challenge a filing fee for bankruptcy courts) ], workers' compensation claimants have a way, other than through judicial processes, to resolve their claims against the employer. We conclude [the Iowa primary jurisdiction rule] does not infringe a fundamental right.

*Id.* at 778–79. As stated in our analysis of the access to the courts challenge, the *Killian* rule is tailored to seek an orderly and efficient administration of justice. We do not find it violative of the Equal Protection clause.

### *Right to Trial by Jury*

 Plaintiffs next claim the *Killian* procedure violates their right to trial by jury. Mo. Const. art. I, § 22(a). Of this constitutional provision, it has been well stated that:

> The constitutional guarantee of the right to jury trial has remained the same through the four Missouri constitutions commencing with the Constitution of 1820. Thus, the right to jury trial protected by the present constitution is that which existed at common law before the adoption of the first constitution. Neither it nor succeeding constitutions have created new rights to jury trial but have merely preserved from legislative and judicial encroachment that which the people previously enjoyed.

*Miller v. Russell,* 593 S.W.2d 598, 605 (Mo. App.1979).

In *De May v. Liberty Foundry Co.,* 327 Mo. 495, 37 S.W.2d 640, 648–49 (1931), the Court held that the Workers' Compensation Act did not violate the constitutional right to trial by jury, and we affirm that neither does the procedure involved in *Killian* violate this basic constitutional right. The workers' compensation statutes were framed to provide a new mode of recovery for all claims arising from accidents in the course of employment, whether or not the employer could have been deemed negligent under the substantive law previously extant. If the Commission determines it has no jurisdiction and the matter proceeds to circuit court, the plaintiff may then avail himself of the right to jury trial, but in cases where the Commission properly determines the cause falls within its exclusive original jurisdiction as to workers' compensation claims, there is no right to jury trial and *DeMay* is applicable. See also *Mahoney,* 807 S.W.2d at 507–508.

### *Original Jurisdiction of Circuit Courts*

 For their next attack on § 287.120 as applied in *Killian,* plaintiffs claim a violation of Mo. Const. art. V, § 14, providing that "[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." The legislature has denominated the workers' compensation scheme as the mandatory procedure for all work-related accidental claims, and such is within the legislature's inherent power, which is "unlimited and practically absolute," except for limitations imposed by the Constitution. *Hickey v. Board of Education of City of St. Louis,* 363 Mo. 1039, 256 S.W.2d 775, 778 (1953). In *De May,* 37 S.W.2d at 653, this Court found the Workers' Compensation Act, which at that time provided for appeal of the Commission's decisions to the circuit court, did not violate Article V, § 14. The statute, like current § 287.490.1 (providing for appeals to circuit court for claims arising before August 13, 1980), tightly limited the functions of the circuit court, providing that "no additional evidence shall be heard and in the absence of fraud, the findings of fact made by the commission within its power shall be conclusive and binding," and further that "the [circuit] court, on appeal, shall review only questions of law." The statute in essence limited the circuit court's role to an appellate review function.

Appellants, however, urge that a subsequent amendment to Article V, § 14, dictates a different result in this case. The clause formerly provided that:

> The circuit court shall have jurisdiction over all criminal cases not otherwise provided for by law, exclusive original juris-

diction in all civil cases *not otherwise provided for*, and concurrent and appellate jurisdiction as provided by law. (Emphasis added.)

Mo. Const. art. V, § 14, 1945. In 1976, the language "not otherwise provided for" was omitted, and the current version states that "[t]he circuit courts shall have original jurisdiction over all cases and matters, civil and criminal." Appellants claim the amendment demands that the circuit court at least have concurrent jurisdiction with the Commission to determine whether the injury is accidental, but we cannot so interpret the 1976 amendment. Article V, the Judicial Article, is devoted to governing the courts and judges, and we do not read the amendment as a constraint upon the previously established power of the administrative agencies.

### Separation of Powers

■ The final point raised is a violation of the separation of powers. Mo. Const. art. II, § 1. In *State Tax Commission v. Administrative Hearing Commission*, 641 S.W.2d 69, 74 (Mo. banc 1982), we made the following observation regarding the relationship between the various branches of government:

> While the autonomy of the legislative, executive, and judicial branches lies at the heart of our system of government, "a careful study of the whole Constitution will ... demonstrate that it was not the purpose [of the framers] to make a total separation of these three powers." *Rhodes v. Bell*, 230 Mo. 138, 150, 130 S.W. 465, 468 (1910). Each branch constitutes only a part of a single government and must interact harmoniously with the other two. The independence of the branches must be "consistent with that chain of connection that binds the whole fabric of the Constitution in one indissoluble bond of union and amity." *Id.* at 151, 130 S.W.2d at 468. *From a pragmatic standpoint it is obvious that some overlap of functions necessarily must occur.* (Emphasis added.)

In *De May*, this Court held that the workers' compensation scheme did not violate the separation of powers, stating: "It must be conceded that the commission is not vested with judicial power in the sense in which that term is used in article 3 of the Constitution, providing for the distribution of the powers of government." 37 S.W.2d at 650. *See also Harris v. Pine Cleaners*, 296 S.W.2d 27, 29–30 (Mo. banc 1956), affirming the Commission's authority to exercise quasi-judicial power. As we noted in the previous section of this opinion, the Workers' Compensation Act in effect at the time of *De May* and as applicable to claims before 1980 essentially limited the circuit court's role to the type of review normally performed by the appellate courts. No more do we find a violation under the *Killian* scheme where the Commission makes the initial determination whether it has jurisdiction over the matter. Furthermore, under § 287.495, judicial review is provided for an award by the Commission. The system of judicial review provides a check upon the powers exercised by the administrative agency, and in this instance it cannot be said that the powers of the Commission encroach upon those of the judiciary in a manner prohibited by the constitution. In sum, we find no violation of the separation of powers.

The judgment is affirmed.

COVINGTON, HOLSTEIN, BENTON and THOMAS, JJ., concur.

ROBERTSON, C.J., concurs and concurs in result in separate opinion filed.

BLACKMAR, J., concurs in opinion of ROBERTSON, C.J.

ROBERTSON, Chief Justice, concurring and concurring in result.

I have no quarrel with the result reached by the principal opinion in this case. However, I respectfully disagree with the Court's attempt to distinguish *State ex rel. Cardinal Glennon Memorial Hospital for Children v. Gaertner*, 583 S.W.2d 107, 110 (Mo. banc 1979), for purposes of Mo. Const. art. I, § 14. Unlike the Court, I believe that *Cardinal Glennon* compels the Court to hold the Workers' Compensation Law unconstitutional. I would overrule *Cardinal Glennon* and be done with it for, in my

view, *Cardinal Glennon* misstates the law.

As the principal opinion correctly states, "[a]rt. I, § 14 does not create rights, but is meant to protect the enforcement of rights acknowledged by law. The right of access 'means simply the right to pursue in the courts the causes of action the substantive law recognizes,'" quoting *Mahoney v. Doerhoff Surgical Services, Inc.*, 807 S.W.2d 503, 510 (Mo. banc 1991). *Cardinal Glennon* recognizes far more than the constitutional guarantee of *procedural* access to the courts; it is founded on the notion that the constitution guarantees *substantive* access to the courts; it is wrong.

The laws of Missouri do not recognize a substantive, common law right in injured workers to pursue recovery against their employers within the judicial system. "The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee ... at common law or otherwise, on account of such accidental injury or death." Section 287.120.2, RSMo Supp.1991. There being no substantive right at issue, the constitutional procedural guarantee, art. I, § 14, does not apply.

In all other respects, I concur in the Court's opinion.