William H. Pickett, Kansas City, for appellants.

Jack W.R. Headley, Thomas A. Ryan, Kansas City, for respondent.

Before LOWENSTEIN, C.J., and BERREY and SPINDEN, JJ.

BERREY, Judge.

Dr. John Mattes and Marcia Longan Mattes appeal from an order of dismissal in favor of Mobay Corporation in an action for personal injury to Ms. Mattes allegedly arising out of her exposure to toxic chemicals while she was an employee of Mobay. The dismissal is affirmed.

The Matteses brought this action against Mobay on December 29, 1989, alleging both negligent and intentional tort. Mobay moved to dismiss for lack of subject matter jurisdiction, asserting that the Labor and Industrial Relations Commission ("LIRC") has exclusive subject matter jurisdiction under the Workers' Compensation Law, Chapter 287, RSMo 1986, for personal injuries suffered by accident arising out of and in the course of employment. In response, the Matteses raised a number of constitutional challenges to § 287.120 as applied by the Missouri Supreme Court in *Killian v. J*

**Dr. John MATTES and Marcia Longan Mattes, Appellants,**

v.

**MOBAY CORPORATION, Respondent.**

No. WD 45858.

Missouri Court of Appeals, Western District.

May 5, 1992.

*& J Installers, Inc.,* 802 S.W.2d 158 (Mo. banc 1991).

The Matteses assert that the United States and Missouri Constitutions require that the circuit court have jurisdiction to decide whether it or the LIRC has jurisdiction to decide the issues raised by a plaintiff. Pursuant to *Killian,* the LIRC has original jurisdiction over all injuries sustained in the course of, employment. If the LIRC determines that the injury resulted from an accident, the commission retains jurisdiction over the matter. If, on the other hand, the commission determines that the injury resulted from an employer's intentional act, jurisdiction lies with the circuit court. *Id.* at 160–61. The question raised by the Matteses is, "Who decides who decides."

After the trial court sustained Mobay's motion, plaintiffs requested and were granted leave to file an early notice of appeal with the Supreme Court of Missouri, which court had exclusive appellate jurisdiction over plaintiffs' constitutional challenges. The issues raised by plaintiffs are that § 287.120 as interpreted by *Killian* violates: (1) the open courts provision, Mo. Const. art. I, § 14; (2) the Due Process clause of the Fifth and Fourteenth Amendments of the United States Constitution and Mo. Const. art. I, § 10; (3) the Equal Protection clause of the Fourteenth Amendment of the United States Constitution and Mo. Const. art. I, § 2; (4) the right to trial by jury, Mo. Const. art. I, § 22(a); and (5) Mo. Const. art. V, § 14, granting exclusive jurisdiction of all cases and matters to the circuit court.

While this case was making its way through the appellate system, another case, in which the identical issues and challenges were raised, was decided by the Supreme Court of Missouri. *Goodrum v. Asplundh Tree Expert Co.,* 824 S.W.2d 6 (Mo. banc 1992). The Court in *Goodrum* upheld *Killian* and ruled that § 287.120 did not violate any of the constitutional rights raised by the plaintiffs. The Court held that the LIRC, rather than the circuit court, has exclusive jurisdiction to determine whether claimant's injuries were the product of an accident or of an intentional act of the employer. *Id.*

The Matteses acknowledge that their legal arguments are "virtually identical" to those raised by the plaintiffs in *Goodrum.* After handing down the *Goodrum* decision, the Supreme Court of Missouri ordered this cause transferred to the Court of Appeals, Western District. This court agrees that the issues presented herein are identical to those addressed in *Goodrum* and affirms the order of the trial court dismissing the instant action for lack of subject matter jurisdiction.

All concur.