James **CHAMBERS**, Plaintiff–Appellant,

v.

**FIGGIE INTERNATIONAL, INC., d/b/a Rawlings Manufacturing Co., and Don Haught, Defendants–Respondents.**

No. 17899.

Missouri Court of Appeals,
Southern District,
Division One.

Sept. 29, 1992.

J. William Turley, Williams, Robinson, Turley & White, Rolla, for plaintiff-appellant.

Gerard T. Noce, Thomas M. Buckley, St. Louis, for Figgie Intern., Inc., d/b/a Rawlings Mfg. Co.

SHRUM, Judge.

In this declaratory judgment action the plaintiff asked the trial court to determine the applicability of a statute of limitations defense to his contemplated personal injury action against the defendants.[1] Although the plaintiff intended this suit to be the forerunner to a later action in which he would claim that his employer committed an intentional tort against him, thereby allowing him redress outside The Workers' Compensation Law, chapter 287,[2] the trial

---

1. Because this case can be disposed of without deciding if a declaratory judgment action is appropriate to determine, in such an advisory fashion, whether a statute of limitations defense applies to a contemplated lawsuit, we decline to discuss that question. Our silence on that issue should not be read as implicit approval of such use of a declaratory judgment action.

2. All statutory references are to RSMo 1986, unless otherwise indicated.

court never reached the statute of limitations question because the trial court, following *Killian v. J & J Installers, Inc.,* 802 S.W.2d 158 (Mo. banc 1991), determined that it lacked subject matter jurisdiction and dismissed the plaintiff's petition.[3] It is from that judgment of dismissal that the plaintiff appeals.

## ISSUES ON APPEAL

In Point I the plaintiff argues that interpreting § 287.120 as placing exclusive authority with the Labor and Industrial Relations Commission to determine whether his injuries were the product of an accident or an intentional act by his employer deprives him of his constitutional right to access to the courts under Mo. Const. art. I, § 14, as well as violating the separation of powers doctrine, Mo. Const. art. II, § 1. Because these same challenges to § 287.120 (as applied in *Killian*) were rejected by our supreme court in *Goodrum v. Asplundh Tree Expert Co.,* 824 S.W.2d 6 (Mo. banc 1992), we reject them here.

In Point II the plaintiff argues that *Killian* is substantive in nature and was decided after his workers' compensation claim was dismissed with prejudice and that application of *Killian* to the plaintiff's case "works an unconstitutional retrospective statutory application on" the plaintiff contrary to Mo. Const. art. I, § 13. Because this constitutional question was not raised in the trial court and preserved in the trial court record, it cannot be heard on appeal. *City of St. Louis v. Butler Co.,* 358 Mo. 1221, 219 S.W.2d 372, 378[7] (banc 1949). For that reason, Point II is rejected.

## FACTS

The plaintiff was employed as a silk screener at defendant Rawlings's Licking, Missouri, plant from 1977 through 1980 and again in 1982. Defendant Haught was plant manager during some or all of the plaintiff's period of employment.

In his petition the plaintiff alleged that, during his employment, he came into contact with neurotoxic chemicals that progressively destroyed his nervous system, causing permanent injury which necessitates permanent nursing care.

The legal file recounts the plaintiff's attempts to obtain workers' compensation benefits. On August 19, 1983, the plaintiff (represented by an attorney different from the one now representing him) filed a workers' compensation claim, which he amended September 15, 1986. On October 28, 1987, the chief administrative law judge entered an order in favor of Rawlings and against the plaintiff.[4] On October 28, 1988, based on the joint motion of the plaintiff and his employer-insurer, the ALJ vacated his previous order and dismissed the claim with prejudice.

On May 24, 1991, the plaintiff filed this action in circuit court, alleging that the defendants had committed an intentional tort against him and, as a result, the exclusivity section of the workers' compensation statute did not apply. In his petition he did not seek damages for his alleged tort claim but, rather, sought a declaration that his tort claim would not be barred by the five-year limitation period of § 516.120 because "the precise nature of his damage and the causal connection to the acts of the defendants were not 'capable of ascertainment'" until early in 1988.

The defendants individually filed motions to dismiss and, alternatively, for summary judgment, claiming the exclusive remedy provisions of § 287.120, RSMo 1986, deprived the circuit court of jurisdiction. In its suggestions in support of its motion,

---

3. In *Killian,* the court held that the question whether a claimant's injuries are "the product of an accident or of an intentional act by the employer lies within the exclusive jurisdiction of the Labor and Industrial Relations Commission. 'Neither the trial court nor this Court can make that determination.'" 802 S.W.2d at 161 (quoting *State ex rel. McDonnell Douglas Corp. v. Ryan,* 745 S.W.2d 152, 154 (Mo. banc 1988)).

4. In oral argument the plaintiff's counsel asserted that the ALJ denied the claim because of insufficient evidence of causation. Although the portion of the ALJ award filed with this court is silent as to the reason for the denial of the claim, the defendants' counsel—who was also the defendants' counsel in the workers' compensation case—did not refute the assertion.

Figgie International cited *Killian*, 802 S.W.2d at 160–61, for the proposition that "the determination of whether injuries resulted from accident or the employer's intentional acts is one that must be made exclusively by the Labor and Industrial Relations Commission" and that the sole power to declare an injury outside workers' compensation jurisdiction rested with the ALJ.

The trial court concluded it did not have subject matter jurisdiction and sustained the defendants' motions to dismiss.

## DISCUSSION

The plaintiff concedes that "on its face" *Killian*, 802 S.W.2d 158, is dispositive of his first point on appeal. In *Killian*, the court held that "the question whether [the employee's] injuries were the product of an accident or of an intentional act by the employer lies within the exclusive jurisdiction of the Labor and Industrial Relations Commission." 802 S.W.2d at 161. However, the plaintiff argues that the *Killian* court, in a footnote, noted that the constitutional question of a violation of the right of access to the courts was not preserved and, therefore, not considered. The plaintiff argues that the court thus "expressly *invited* a different analysis. . . ." Therefore, in his first point on appeal, the plaintiff challenges the trial court's dismissal based on a lack of jurisdiction because "permitting an administrative law judge to determine whether an action exists outside worker's compensation jurisdiction is unconstitutional because such a procedure results in a claimant being denied access to the courts in violation of Article I, § 14, of the Missouri Constitution." Additionally, in the argument portion of his brief under Point I, the plaintiff contends that "the *Killian* doctrine" violates the separation of powers doctrine of the Mo. Const. art. II, § 1.

■ The constitutional challenges which the plaintiff mounts in Point I to the *Killian* interpretation of § 287.120 were rejected by our supreme court in *Goodrum*, 824 S.W.2d 6. In *Goodrum* the parents of a deceased employee sued his employer and foreman to recover damages for

the death of their son. The parents alleged that the foreman gave their son a controlled substance and, after ingesting that substance, he suffered sunstroke, cardio-respiratory arrest, and acute renal failure, resulting in his death. The employer, Asplundh, moved to dismiss for lack of subject matter jurisdiction, citing *Killian* as authority. The parents countered with a number of constitutional challenges to § 287.120 (as applied in *Killian*) including the open courts provision, Mo. Const. art. I, § 14, and the separation of powers provision, Mo. Const. art. II, § 1. Our supreme court rejected those challenges stating, first:

> In response to plaintiffs' open courts challenge, we find that § 287.120, as applied in *Killian*, "is an exercise of legislative authority rationally justified by the end sought, and hence valid against the contention made here."

*Goodrum*, 824 S.W.2d at 10[2]. And, second:

> The system of judicial review provides a check upon the powers exercised by the administrative agency, and in this instance [under the *Killian* scheme under which the Commission makes the initial determination whether it has jurisdiction over the matter] it cannot be said that the powers of the Commission encroach upon those of the judiciary in a manner prohibited by the constitution. In sum, we find no violation of the separation of powers.

*Goodrum*, 824 S.W.2d at 12[9]. Thus, both constitutional arguments made in Point I by the plaintiff in this case were rejected by the *Goodrum* court. We are constitutionally bound to follow the controlling decisions of the Missouri Supreme Court. *Johnson v. City of Springfield*, 817 S.W.2d 611, 615 (Mo.App.1991); Mo. Const. art. V, § 2 (1945). *Killian* and *Goodrum* require that we reject the arguments made in Point I.

The plaintiff's arguments in support of Point I might be read as urging us to conclude that the supreme court's opinions in *Killian* and *Goodrum* were, simply, wrongly decided; that, as a matter of gen-

eral interest and importance, the practical and complex problems created by the *Killian* scheme, as perceived by the plaintiff and articulated to this court, require re-examination of *Killian*. The plaintiff's counsel is well aware of the procedure for requesting the supreme court to reexamine its decisions. In following such procedure, he can point out any possible adverse practical effects of the *Killian* scheme on employers, employees, insurers, their attorneys, and the public policy underlying The Workers' Compensation Law.

In his second point on appeal, the plaintiff contends the trial court erred because "the interpretation of § 287.120 which places the decision making authority with the administrative law judge may not be retrospectively applied to [the plaintiff] because this statutory interpretation is substantive in nature and was decided *after* [the plaintiff's] worker's compensation case was dismissed. (Emphasis in original.)"

 The plaintiff's argument is constitutionally based. He charges, "Any retrospective application of the doctrine violates the provisions of Article I, § 13 of the Missouri Constitution, and must be reversed." The plaintiff raises an alleged violation of Article I, § 13 for the first time on appeal. For constitutional questions of the nature of those we perceive as being raised in the plaintiff's Point II to be preserved for appellate review, those questions "must be presented at the earliest possible moment 'that good pleading and orderly procedure will admit under the circumstances of the given case[;] otherwise [they] will be waived.'" *Meadowbrook Country Club v. Davis*, 384 S.W.2d 611,

612 (Mo.1964) (quoting *Securities Acceptance Corp. v. Hill*, 326 S.W.2d 65, 66[1] (Mo.1959)). *See also Bauldin v. Barton County Mut. Ins. Co.*, 666 S.W.2d 948, 951 (Mo.App.1984). Because the plaintiff did not raise the constitutional issue of retrospective application of the *Killian* interpretation of § 287.120 at the earliest possible time in the proceedings, he has waived it. *Killian*, 802 S.W.2d at 161 n. 1. Nothing is preserved for appeal. *Id. Butler Co.*, 219 S.W.2d at 376–78, teaches that the retrospective application issue cannot be a part of the case on appeal based on the doctrine of inherency. We reject Point II.[5]

Order of dismissal affirmed.

PARRISH, C.J., and CROW, P.J., concur.

---

5. We have, *ex gratia*, considered the plaintiff's second point and argument. The nub of the plaintiff's argument is found in this passage from his brief:

> The *Killian* decision stands as a judicial explanation of statutory authority, placing the decision within the proscriptions in Article I, § 13. While this prohibition is inapplicable to purely judicial decision[s], such as divorce decrees, *In Re Simpelo*, 542 S.W.2d 558 (Mo. App.W.D.1976), a legislative enactment, or its interpretation and application by the Court, lies within that proscription.

The plaintiff cites no authority for his apparent assertion that Article I, § 13, although not applicable to trial court decisions, does apply to the "explanation," "interpretation," and "application" of a statute by an appellate court. The plaintiff's argument, in the context of an *ex post facto* argument, was rejected in *Moore v. State*, 651 S.W.2d 578, 580–81 (Mo.App.1983). We believe the rationale of *Moore* controls on the merits of the plaintiff's allegation of error. *See also State ex rel. Clark v. Shain*, 343 Mo. 66, 119 S.W.2d 971, 972–73 (Mo. banc 1938).