Calvin GOODRUM, et al., Appellants,

v.

KANSAS CITY POWER & LIGHT COMPANY, Respondent.

No. WD 46115.

Missouri Court of Appeals, Western District.

Oct. 20, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 24, 1992.

David T. Greis, Kansas City, for appellants.

James W. Benjamin, Kansas City, for respondent.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

FENNER, Presiding Judge.

Calvin and Mary Goodrum appeal an order of the trial court granting a Motion for Summary Judgment favorable to Kansas City Power and Light (KCP & L) in their action seeking to recover damages for the wrongful death of their son, Benjamin Goodrum. Benjamin died of a heatstroke allegedly brought on while he was engaged in tree-trimming work pursuant to his employment with Asplundh Tree Expert Company (Asplundh), which was performing services under a contract with KCP & L.

The Goodrums brought their cause of action against KCP & L alleging negligence arising from events occurring on or about July 10, 1986. According to the petition filed by the Goodrums, on that date Benjamin Goodrum was engaged in tree-trimming work for Asplundh, pursuant to a contract between Asplundh and KCP & L, during which time he was allegedly given a drug referred to as "white cross" by his supervisor. Basically, the petition alleges that the giving of the drug increased the risk of heatstroke, cardio-respiratory arrest

and acute renal failure, which resulted in Benjamin's death, and that KCP & L was negligent in failing to insure that the employees of Asplundh would have a safe working environment.

During the pendency of the action, the Missouri Supreme Court handed down the case of *Zueck v. Oppenheimer Gateway Properties, Inc.*, 809 S.W.2d 384 (Mo. banc 1991). In *Zueck*, the court was called upon to review the applicability of the exception to the common law rule that one who contracts with an independent contractor is generally not liable for bodily harm caused by the torts of the independent contractor or the independent contractor's servants. Prior to *Zueck*, the common law recognized an exception where the activity undertaken by the independent contractor was inherently dangerous and would impose liability where the independent contractor failed to take special or reasonable precautions against the inherent risks or dangers. *Mallory v. Louisiana Pure Ice & Supply*, 320 Mo. 95, 6 S.W.2d 617, 624 (Mo. banc 1928). In *Zueck*, 809 S.W.2d at 384, the Missouri Supreme Court held that the inherently dangerous exception was no longer applicable to employees of independent contractors covered by workers' compensation, and in so doing specifically overruled *Mallory* and cases following *Mallory*.[1]

On the basis of the *Zueck* decision, the trial court herein sustained the Motion for Summary Judgment of KCP & L.

In their sole point on appeal, the Goodrums allege that the trial court acted erroneously in granting the Summary Judgment favorable to KCP & L because the *Zueck* decision was a procedural and not a substantive change in the law and therefore should have been applied as a prospective and not as a retroactive decision.

The Goodrums' argument has been recently addressed and rejected by the Eastern District of this court in *Aubuchon v. Hyland*, 820 S.W.2d 613, 616 (Mo.App. 1991). Under a very similar factual scenario to the case at bar, the court held that "*Zueck* announced a substantive, not procedural, change in the law." *Id.* at 616–17. The court discussed, in great detail, the tests for retroactive versus prospective application of decisional law, recognizing that retroactive application was the general rule. *Id.* at 616. The court also discussed the two exceptions to the general rule: 1) where a change pertains to a procedural as opposed to a substantive law; and 2) if fundamental fairness dictates other than retroactive application. *Id.* As previously stated, the court found that the first exception was not applicable. As for the second exception, the court found that *Zueck* did not establish a new principle of law by overruling clear past precedent; that retrospective operation enhanced the purpose and effect of *Zueck* by upholding the balance the legislature previously struck in enacting the workers' compensation law; and that there would be no hardship imposed upon the parties if *Zueck* were applied retroactively, because plaintiffs could recover under the workers' compensation claim. *Id.* at 616–17. The court concluded that fundamental fairness would not be impinged if *Zueck* were to be applied retroactively. *Id.* at 617.

This court finds the logic of the Eastern District persuasive and, therefore, rejects the Goodrums' argument for prospective application of the *Zueck* decision. Based upon the holdings in *Zueck* and *Aubuchon*, the point on appeal is found to be without merit and is accordingly denied.

The judgment of the trial court is affirmed.

All concur.

---

1. It should be noted that the Missouri Supreme Court has held that the Goodrums' exclusive remedy against Asplundh was through a pending Worker's Compensation claim and rejected the constitutional argument of the Goodrums to the contrary. See, *Goodrum v. Asplundh Tree Expert Co.*, 824 S.W.2d 6 (Mo. banc 1992).