Richard B. Teitelman, Judge,
dissenting.
The principal opinion holds that the legislature is free to extinguish Ms. Ambers-Phillips’ cause of action for the negligent infliction of bodily injury even when, as in this case, it was practically impossible for her to discover that foreign objects had been left in her body until well after a 10-year period of repose. While the Missouri Constitution vests the General Assembly with expansive legislative authority, the people of Missouri also expressly reserved their right to seek a “certain remedy” for their injuries. As applied to Ms. Ambers-Phillips, practical effect of the 10-year *915 statute of repose is nothing short of the outright abrogation of her right to seek a remedy for the negligent infliction of serious bodily injury. For these reasons, I respectfully dissent.
The principal opinion reasons, consistent with prior case law, that article I, section 14 does not guarantee access to the courts once a statute of repose extinguishes the cause of action. In other words, article I, section 14 provides no substantive limitation on the legislature’s authority to extinguish Ms. Ambers-Phillips’ cause of action for the negligent infliction of bodily injury. This rationale is, as the principal opinion notes, supported by this Court’s jurisprudence. This rationale is not, however, compelled by the text of article I, section 14, which provides:
That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay.
For purposes of this case, the operative clause is that there shall be “certain remedy afforded for every injury to person .... ” While this Court has held that article I, section 14 limits legislative authority to arbitrarily or unreasonably bar individuals or classes of individuals from accessing the courts to enforce recognized causes of action for personal injury, Kil-mer v. Mun, 17 S.W.3d 545, 549 (Mo. banc 2000), this Court has not recognized that the text of the “certain remedy” clause positively guarantees a right to a remedy. The legislative prerogative to enact statutes dealing with specific policy concerns is consistent with and not unduly hampered by recognizing that the people of Missouri, by including the “certain remedy” clause in their Constitution, expressly reserved their right to some form of an adequate legal remedy for bodily injury.
In addition to the text of article I, section 14, the nature of the open courts provision supports the conclusion that there is some substance behind it. This Court has characterized article I, section 14 as a “second due process clause to the state constitution.” Goodrmn v. Asplundh Tree Expert Co., 824 S.W.2d 6, 10 (Mo. banc 1992). The due process clause has both a procedural and substantive component. Doe v. Phillips, 194 S.W.3d 833, 842 (Mo. banc 2006). Under a due process analysis, “[n]o one would contend that a law of a State, forbidding all redress by actions at law for injuries to property, would be upheld in the courts of the United States, for that would be to deprive one of his property without due process of law.” Poindexter v. Greenhow, 114 U.S. 270, 303, 5 S.Ct. 903, 29 L.Ed. 185 (1885). If the state cannot deny a remedy for injuries to property, then surely it cannot deny a remedy for a negligently inflicted bodily injury without violating the specific constitutional right to a “certain remedy” for “every injury to person.”
Finally, the existence of a substantive component within the certain remedy clause is confirmed by the case law from other states with constitutional provisions similar to Missouri’s open courts provision. At least 39 state constitutions have a similar open courts provision. David Schu-man, The Right to a Remedy, 65 Temp'. L.Rev. 1197, 1201 (1992). Many of these states “apparently recognize the doctrine of a substitute remedy, or quid pro quo, to justify legislative change.” Thomas R. Phillips, The Right to a Constitutional Remedy, 78 N.Y.U. L.Rev. 1309, 1335 (2003). The requirement of an adequate substitute remedy recognizes that a meaningful state constitutional guarantee of a certain remedy for bodily injury must include some minimal substantive guarantee of a reasonably accessible legal remedy for *916 bodily injuries. Therefore, consistent with the text and nature of the article I, section 14 right to a remedy clause, I would hold .that the Missouri Constitution requires the provision of an adequate substitute remedy when a statute has the effect of extinguishing an injured person’s right to a “certain remedy” for negligently inflicted bodily injury.
While there may be perfectly good reasons to adopt statutes of repose in some cases, the facts of this case illustrate the problem of redefining individual constitutional rights according to political whim. This is not a case about defective building design, an inaccurate real estate survey or questionable legal advice. This is not a case about a purely financial loss in which the parties are better off by writing it off. This is not a case where the passage of time raises doubts about how Ms. Ambers-Phillips was injured. Instead, this is a case about the violation of bodily integrity and the right to have some practically available remedy for a bodily injury that no one disputes. If the legislature can take that away, then the textual guarantee of a “certain remedy afforded for every injury to person” is not an individual constitutional right but is, instead, a privilege subject to legislative repeal.
I would hold that the 10-year statute of repose in section 516.105 is unconstitutional as applied to Ms. Ambers-Phillips because the statute bars her from asserting a recognized cause of action for bodily injury before she possibly could have discovered her injury. The judgment should be reversed and the case remanded to permit Ms. Ambers-Phillips to exercise her constitutional right to seek a remedy for her injury.